Seaman *v.* Van Rensselaer.

The original affidavit therefore on which the order of arrest was obtained in this case, was defective and did not warrant the defendant's arrest. The other affidavits used on this motion do not supply the defect. The only material additional allegation contained in them is in reference to Churchill's affidavit in the courts of Michigan. That affidavit is not so verified that it can be referred to as such on this motion, and it is presented simply as a paper which the plaintiff is informed and believes is a copy of one filed in Michigan. There is no statement of the sources of that information, no means of the defendant's ascertaining whether such information had actually been received by the plaintiff, nor for the court's determining whether he was right in believing it. It is, in fact, liable to the same objection that exists against the original affidavit, and both are defective inasmuch as they substitute the belief of the party for that of the judge.

The order of the special term must be affirmed with costs.

———————•◦◦———————

St. Lawrence Special Term, Oct. 1850. *Hand,* Justice.

Seaman *vs.* Van Rensselaer.

In an action by the assignee of a purchaser, against the vendor, to enforce a specific performance of a contract for the sale and purchase of land, it is no defense that the plaintiff's assignor, (the purchaser,) together with another person, owes the defendant the purchase money of another lot of land, and that the vendees of that lot are insolvent, and the land is an inadequate security for the amount due.

It is not contrary to equity and good conscience, for a purchaser, or his assignee, to enforce a contract to convey, after the whole consideration has been paid, merely because he has not fulfilled another contract with the vendor, in respect to a separate and distinct lot of land.

Where land has been contracted to be conveyed, and before the title passes, the purchaser assigns his interest in the contract to another, such assignment will not impose upon the assignee the burthen of performing another and distinct contract between the assignor and the vendor.

IN EQUITY. The bill in this cause was filed to obtain a specific performance of a contract for the sale and purchase of land lying in the town of Canton, county of St. Lawrence

On the 17th day of January, 1837, the defendant and George Seaman entered into a contract, under seal, by which the defendant agreed to convey by a warranty deed, lot No. 6, of a certain tract in Canton, on Seaman paying to him $497, as follows: $97 down, $100 by the first day of November, 1837, and the balance in four equal annual installments, with interest; the last payment becoming due November 1st, 1841; the vendee to pay all taxes in the meantime. He made the two first payments according to the contract, and, on December 11th, 1838, paid $300. On the third of November, 1843, George Seaman, for the consideration of $650, assigned the contract to the complainant, Thomas Seaman, who went into possession, where he still remains. There was remaining due on the contract on the 2d of August, 1847, $52; on that day, the plaintiff tendered to the defendant that sum and a deed to be executed, and demanded a conveyance, which was refused. The defendant had no knowledge of the assignment to the plaintiff, until the latter tendered the money and demanded a deed.

On the 9th of December, 1839, the defendant and George Seaman and one Smith, entered into another contract for the sale and purchase of another lot of land, of about 67 acres, in Lisbon, in the same county, by which George Seaman and Smith covenanted to pay to the defendant $404,70, of which $67 was to be paid down and the remainder in five equal annual instalments, with interest; and on the payment thereof, the defendant, by a deed with covenants of warranty, was to convey to them in fee. George Seaman and Smith had paid nothing on this contract, except to give a note for $67, the first payment. Smith left the state before this suit was commenced, and was unable to pay for the land. George Seaman was insolvent, and had been since 1843, and the 67 acres was inadequate security for the sum due on that contract.

*James & Brown*, for the plaintiff.

*B. Perkins*, for the defendant.

HAND, J.   The principal ground of defense relied upon by the defendant is, that the complainant, having no greater rights than the original vendee, can not compel the defendant to convey, while George Seaman, together with another, owes the defendant the purchase money for another lot of land; the vendees of that parcel being insolvent, and the land insufficient security for what is now due.

There is no doubt but Thomas Seaman, the complainant, took this contract for lot No. 6, subject to all the equities between George and the defendant.   Certainly, as to this contract, and between these parties, he has the same and no greater rights, in all respects, as his assignor would have, if he were complainant.   (*Jones* v. *Lynds*, 7 *Paige*, 303.   1 *Sug. V. P.* 278, (204, 6th ed.)   *Champion* v. *Brown*, 6 *John. Ch.* 403.   2 *Story's Eq. Jur.* § 789.   *Taylor* v. *Stibbart*, 2 *Ves. jun.* 439.   *Winged* v. *Lefebury*, 2 *Eq. Ca. Ab.* 32.   *Gay* v. *Gay*, 10 *Paige*, 377.) And in a case of natural equity, the court will allow an equitable set-off, when justice can not otherwise be obtained.   (*Lindsay* v. *Jackson*, 2 *Paige*, 582.   *Gay* v. *Gay*, *supra*.   *Williams* v. *Davis*, 2 *Sim.* 464.   *And see Clark* v. *Cort*, 1 *Cr. & Ph.* 154; *Rawson* v. *Samuel*, *Id.* 161.) The case of *Bradley* v. *Angel*, (3 *Comst.* 475,) is not opposed to this rule, but rests upon a special contract.   And again, the interference of the court to compel specific performance, is discretionary; and will be refused when it would not be strictly equitable and according to conscience.   (2 *Story's Eq. Jur.* §§ 742, 749, *and cases there cited.*   2 *Sug. V. & P.* 28, 18, 6th ed.   *Seymour* v. *Delancy*, 6 *John. Ch.* 222.   *Mathews* v. *Terwilliger*, 3 *Barb Sup. C. Rep.* 55.)

But I find no case where it has been held to be contrary to equity and good conscience, to enforce a contract to convey, after the whole consideration had been paid, merely because the vendee had not fulfilled another contract.   On the contrary, it

has been decided that, where there were distinct articles of sale, they were unconnected, and did not affect each other. (1 *Sug. V. & P.* 210, 150.) In one case, four lots were sold at auction, separately, but on the same occasion, by the same vendor, and to the same purchaser, and it was claimed that part performance as to one made the sales of the others valid; but the court said the sale of one lot could not affect any other. (*Buckmaster* v. *Harrop,* 7 *Ves.* 341; *S. C.* 13 *Id.* 474.) So where A. agreed to sell to B. certain land, and in the same contract B. agreed to sell to A. certain other lands, both to be valued by the same person; and it was found that A. could convey a good title and B. could not, B. was compelled to take a conveyance from A., there being nothing in the contract to show that the two agreements were dependant upon each other. Nor would the court admit evidence *aliunde* of the intention of the parties. (*Croome* v. *Lediard,* 2 *My. & K.* 251.) And the lord chancellor said, that " the agreements for the sale and purchase of the respective estates by each of the parties, though contained in the same instrument, were manifestly distinct and several agreements, which were wholly independent of each other." Though a case might be supposed, where the two transactions were so complicated together, that it might be different; as where they were conterminous; or where there was a mixed use and enjoyment of them, &c. And *Casamajor* v. *Strode,* where Ld. Brougham reviewed the cases, is to the same effect. (1 *Coop. Sel. Ca.* 510, *S. C.* 2 *My. & K.* 706.) If one lot be purchased without reference to the others, the sale of the one to which title can be made, will be enforced.

In *Emerson* v. *Heelis,* (2 *Taunt.* 38,) where, at an auction sale, the same person was declared the highest bidder of several lots; it was said that a distinct contract arose on each lot. And Mr. Sugden has so laid down the law. (1 *Sug. V. & P.* 68.) And where lands were put up and there were six purchasers of distinct lots, and all were made defendants in a suit to have an account taken of incumbrances, and to enforce the sale, &c. a demurrer was allowed. (*Brooks* v. *Whitworth,* 7 *Madd.* 86. *And see Reyner.* v. *Julian,* 2 *Dick.* 677.)

It may be added, that Sir William Grant, M. R. in a case where one of the parties had become bankrupt, said, " the court is in the same situation, whether the vendor or vendee applies for the execution of the contract." (*Franklin* v. *Brownlow*, 14 *Ves.* 550.)

There are a few cases in our courts which, perhaps, might seem to favor the position taken by the defendants' counsel. Thus in the case of *The Cunajoharie and Palatine Church* v. *Leiber and another*, (2 *Paige*, 43,) the defendants agreed to give a site for a church, and they with others associated for the purpose of its erection by subscription ; and L., one of the defendants, was one of the building committee. He, with another, expended for that purpose over $600 more than their subscriptions. Afterwards the society became incorporated, but refused to pay this debt. The corporation filed a bill for a conveyance of the land, but the chancellor, though he thought a suit at law would not lie, held that the defendant L. was justified in using the legal title to the property, to compel the corporation to do equity, and that the moiety in L.'s hands was liable for the debt, and also the other moiety, in case of deficiency.

In *Sutphen* v. *Fowler*, (9 *Paige*, 280,) the vendee paid all but $50 at the time a contract for the sale and purchase of land in Michigan was made, which was in May ; and he was to pay that sum in January following. At the time this contract was made, he also put into the vendor's hands $50 to purchase other lands for him in Michigan. The vendor soon after died, without having applied the last sum for that purpose ; and the court allowed it in payment of the balance due on the agreement to convey, and decreed a specific performance by the heir. In the first of these cases, the court merely enforced an equitable lien for improvements put upon the property by the vendor while he held the legal title, and for the benefit of the vendee, and with his consent ; for the corporation, in equity, stood in the place of the unincorporated society. In the other case, the agency terminated with the death of the agent, and the money remaining in his hands might well be applied against the same sum unpaid

on the contract. Had the vendee paid the money, he would have been entitled to its immediate return.

On a valid contract for the purchase of land, the vendor, in equity, is deemed to stand seised for the benefit of the purchaser, and has a lien upon it for the purchase money. And as against the assignee of the vendee, he may proceed *in rem* against it. And it is said, the vendee, if he has paid, and the title be defective, also has a lien. They are trustees for each other—one of the land, and the other of the purchase money. (*Swartwout* v. *Burr*, 1 *Barb. Sup. C. Rep.* 499. 1 *Sug. V. & P.* 274, 6*th ed.* 3 *Id.* 183. *Champion* v. *Brown*, 6 *John. Ch. Rep.* 398. 2 *Story's Eq. Jur.* 790, 793. *Clark* v. *Hall*, 7 *Paige*, 382. 3 *John. Ch. Rep.* 307, 316.) But there is no lien upon, nor does the trust extend to other lands. And it seems quite clear that a sale of the land by the vendee, before the title passes, can not, upon principle or authority, take with it the burden of performing another and distinct contract. They are equitable conveyances, and necessarily distinct, disconnected, and independent. This case exemplifies the propriety of the rule. The consideration of the first purchase was nearly all paid before the second was made, and the first was assigned to the complainant before all of the consideration of the other became due.

The lapse of time in this case is not fatal to the complainant. The defendant received some of the payments after they were due, and others before, and it would be unjust, after nine-tenths of the purchase money has been paid, under such circumstances, to sustain this objection. (*Edgerton* v. *Peckham*, 1 *Paige*, 352. *Harris* v. *Troup*, 8 *Id.* 423. *Voorhees* v. *De Meyer*, 2 *Barb. Sup. C. Rep.* 37.)

The complainant is entitled to a conveyance.

*Decree accordingly.*