TRUSTEES OF HAMILTON COLLEGE, Appellant, *v.* EDWARD ROBERTS et al., Respondents.

**Real property — specific performance — provision in deed giving grantee the option to purchase such lands as it may choose for a reservoir for water works — action to compel conveyance under such option — erroneous dismissal of complaint on ground that plaintiff had failed to show what land was reasonably necessary for the reservoir — burden of proof to show unreasonable exercise of option rests upon the defendants.**

1. When a valid option to purchase real property is accepted the obligations and remedies of the parties become mutual so as to make specific performance a proper remedy.

2. Hamilton College, in order to procure a sufficient supply of water, purchased certain farm lands with springs, and erected thereon reservoirs and water works. By the conveyance it was given an option for other lands to meet its future requirements. It has now determined to purchase under the option, but the present owners of the property refuse to sell. This is an action for specific performance. The option was in these words: " There is also granted to second parties an option to purchase from first party or her assigns, at any time within twelve years from the date hereof, so much land as second parties may choose for a reservoir site at the gorge or ravine below the south spring aforesaid, and for spillways, embankments, approaches, and borders about and above said site, at the agreed price of thirty-five dollars per acre for the land so taken." The trial judge held the plaintiff to strict proof of the land needed for a reservoir, embankments and borders, and dismissed the complaint on the merits for the apparent reason that no definite plans and specifications had been adopted showing the size and extent of the works to be built. The Appellate Division sustained the trial judge in holding that the plaintiff had failed to show what land was reasonably necessary to answer the requirements of the deed. *Held*, that the choice is with the grantee, and the thing to be chosen is a site. Whether it be appropriate or necessary is for the grantee alone to determine. The burden of showing bad faith or an unreasonable and unwarranted exercise of the option rested upon the defendants, and while it may be incumbent upon the plaintiff to show that the part of the farm selected can be used for the purpose intended by the deeds, and that it is at the gorge or ravine below the south spring, it cannot be limited in its choice to prepared plans or present needs.

*Trustees of Hamilton College* v. *Roberts*, 166 App. Div. 906, reversed.

(Argued February 7, 1918; decided February 26, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 7, 1914, modifying and affirming as modified a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James F. Hubbell* and *Sheldon S. Judson* for appellant. By the express language of the option the plaintiff is entitled to the conveyance requested, without making proof that the land chosen is reasonably necessary for a reservoir site. When a valid option to purchase real property is accepted the obligations and remedies of the parties become mutual so as to make specific performance a proper remedy. (*Jones* v. *Burns*, 105 App. Div. 287; *Fox* v. *Hawkins*, 150 App. Div. 801; *Stewart* v. *Gillet*, 79 Misc. Rep. 93; *Carney* v. *Pendleton*, 139 App. Div. 152; *Bullock* v. *Cutting*, 155 App. Div. 825.)

*G. E. Pritchard* for respondents. Specific performance will be denied where it appears from the evidence that the minds of the parties never met in respect to the specific location and boundaries of the property to be conveyed and where the facts proven render the agreement vague and indefinite in essential respects. (*Wadick* v. *Mace*, 191 N. Y. 1; *Milliman* v. *Huntington*, 22 N. Y. Supp. 997.)

CRANE, J. Hamilton College, situated at Clinton, Oneida county, New York, in order to procure a sufficient supply of water, purchased certain nearby farm lands with springs, and erected thereon reservoirs and water works. By the deed of conveyance it was given an option for other lands to meet its future requirements. It has now determined to purchase under the option, but the owners of the property refuse to sell. This is an action for specific performance. So far, the defendants have won, the courts below holding that the plaintiff cannot enforce the option without proving the reasonable necessity for the land. The case depends upon the rights given in the deed of conveyance.

The first deed to the college was from James I. Scollard and Ellen R. Scollard, his wife, dated October 5, 1894. It conveyed part of the Scollard farm in the town of

Kirkland, Oneida county, for the purpose of a reservoir and water works.

On the third of November, 1904, Ellen Scollard, who had succeeded to all interest in the estate of her husband, made another deed to the college. It recited the conveyance in 1894 of two springs on the Scollard farm, known as the Proctor Taft farm, for the purpose of constructing water works; the beginning of the work, and the insufficiency of the land for the purpose intended, and continued as follows: " Now this conveyance is made by said Ellen R. Scollard to give and convey more land around each of said springs  *  *  '  *  and to grant a certain option for purchase of other lands and to grant further rights and easements in and for further improvements and construction of greater reservoir privileges in connection with said water works." And after conveying more of the farm by appropriate description the deed authorized the college to use so much of the lands granted as it desired for reservoir purposes and to maintain conduit pipes across the remaining lands of the grantor. The option then follows in these words: " There is also granted to second parties an option to purchase from first party or her assigns, at any time within twelve years from the date hereof, so much land as second parties may choose for a reservoir site at the gorge or ravine below the south spring aforesaid, and for spillways, embankments, approaches, and borders about and above said site, at the agreed price of thirty-five dollars per acre for the land so taken. If a reservoir shall be constructed at such gorge site, permission for the construction and maintenance of which is hereby granted, and the water shall overflow the farm road crossing the stream above such ravine, then second parties shall construct a good and sufficient causeway or road across said reservoir above the level of its water for the farm use."

Through the executive committee meeting in Utica, June 11, 1913, the plaintiff decided to exercise its option and selected a surveyor and civil engineer to map out an appropriate site at the gorge for the extension of its water works. Upon the land conveyed by Mrs. Scollard's deed in 1904, the plaintiff had built two other reservoirs and this additional land was for an enlargement of the supply. The surveyor selected a little over nine acres alongside and to the east of the existing reservoirs which, in his judgment, was appropriate for the purpose intended by reason of the land formation about the spring.

It is true that the selection together with the land already held by the plaintiff cut the farm in two, but the springs furnishing the water were at this point. The conveyance provided for a causeway and the piping of water for the cattle and farm use.

On the portion taken was a ravine twenty or twenty-five feet deep, twenty feet wide at the bottom, sloping up so as to be about four hundred feet from the top of the bank on one side to the top on the other. This engineer had constructed the last reservoir, known as No. 3, having a capacity of about 8,000,000 gallons, and testified that in his opinion the place now mapped out and selected by him was suitable for a reservoir site.

The learned trial judge held the plaintiff to strict proof of the land needed for a reservoir, embankments and borders, and dismissed the complaint on the merits for the apparent reason that no definite plans and specifications had been adopted showing the size and extent of the works to be built. The Appellate Division modified the judgment by providing for a nonsuit, not on the merits. It sustained the trial judge, however, in holding that the plaintiff had failed to show what land was reasonably necessary to answer the requirements of the deed.

Mrs. Scollard could have conveyed to the plaintiff a fee or any property or rights less than a fee. She did grant an option to be exercised any time within twelve years. The dealings with the college indicate that the parties were looking to the future as well as the present. What water supply would be necessary in years to come as this college grew and demands increased could not be definitely determined on any given day. It was the duty of the trustees to provide, if possible, for the future as well as the present, and a wise provision in this respect would not yield to a measurement by present requirements. The trustees might rightly determine to select and pay for a site to meet what their best judgment indicated would be useful and necessary in years to come, and leave the construction of the work until such day arrived. It is as necessary for such institutions to lay by for the future as for the prudent man. Just this marks the difference between wisdom and folly.

These things must have been in the minds of the parties, for the deed gives to the college the option to purchase within twelve years so much land as it " may *choose* for a reservoir site," etc. The choice is with the grantee, and the thing to be chosen is a site. Whether it be appropriate or necessary is for the grantee alone to determine. Those charged with the duty of providing for the next generation as well as this are to determine while choice can be made, and not wait until vision is unnecessary and actual facts prove necessity — but all too late.

" Equity looks through the form to the substance and purpose of the agreement, and moulds its decree in accordance with what the parties may fairly be presumed to have intended. Every contract implies good faith and fair dealing between the parties to it." (*Simon* v. *Etgen,* 213 N. Y. 589, 595.)

It may be incumbent upon the plaintiff to show that

the part of the farm selected can be used for the purpose intended by the deeds, and that it is at the gorge or ravine below the south spring, but it cannot be limited in its choice to prepared plans or present needs.

Bad faith, or such an unreasonable selection as to indicate bad faith, is always a defense to such choice. But the burden of showing bad faith or an unreasonable and unwarranted exercise of the option rested upon the defendants. The fact that in the opinion of their experts the college might get along with less ground would not, of itself, constitute bad faith.

Where the parties to a building contract leave the approval of the work to some third person, the workman desiring his pay must furnish such approval or show its refusal has been unreasonable or in bad faith. (6 Ruling Case Law, sec. 335; *Doll* v. *Noble,* 116 N. Y. 230; *Weeks* v. *O'Brien,* 141 N. Y. 199; *Thomas* v. *Fleury,* 26 N. Y. 26; *City of Elizabeth* v. *Fitzgerald,* 114 Fed. Rep. 548.) (See, also, on the question of approval or satisfaction, *Hawkins* v. *Graham,* 149 Mass. 284.)

While these cases are not in point, yet they indicate that where choice or approval is left to another, the action of the other is binding unless unreasonable or fraudulent, and the burden is upon the party seeking to avoid the choice or option to prove it unreasonable..

The defendants who have taken title from Mrs. Scollard were fully acquainted with all the facts and the limitations of their title. They took by deed the same day as the college, and not only was the plaintiff's deed read to them, but their own deed contained a recital that it was " subject to the conveyance by said Ellen R. Scollard to said trustees by deed dated this day of certain lands consisting of about three acres intended to aid said trustees in providing greater reservoir capacity and a more adequate water supply for the future needs of Hamilton College water works and including an option for the

purchase by said trustees at any time within twelve years from the date hereof, on the terms therein mentioned, of so much land as they may choose for a reservoir site and the privileges connected therewith at the gorge or ravine below the springs and lands granted as aforesaid to said trustees."

When a valid option to purchase real property is accepted the obligations and remedies of the parties become mutual so as to make specific performance a proper remedy. (*Jones* v. *Barnes*, 105 App. Div. 287; *Fox* v. *Hawkins*, 150 App. Div. 801.)

Under these circumstances, the plaintiff is entitled to a new trial and the judgment below must be reversed.

The judgment of the Appellate Division should be reversed and new trial ordered, costs to abide the event.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, and POUND, JJ., concur; ANDREWS, J., not sitting.

Judgment reversed, etc.