Samuel I. Epstein, Appellant, v. Rose Gluckin, Respondent, Impleaded with Another.

Equity — specific performance — the assignee of the vendee in a contract for the sale and purchase of land may maintain an action for the specific performance of the contract — mutuality of remedy — specific performance with a variance.

1. The assignee of the vendee in a contract for the sale and purchase of land succeeds by force of the assignment to the position of the original vendee as the equitable owner of the subject of the sale, and, therefore, the assignee may, in a proper case, maintain an action for the specific performance of the contract. The assignee by invoking the aid of a court of equity assumes the duty of performance and subjects itself to any conditions of the judgment applicable thereto and mutuality of remedy exists so as to authorize a court of equity to enforce performance.

2. In an action brought by the assignee of the vendees to enforce specific performance of a contract of sale by the vendor, the judgment of the Special Term permits the plaintiff to substitute cash for the purchase-money bond and mortgage which under the terms of the contract were to be signed by the vendees. The evidence is uncontradicted that the vendees were present on the law day and were ready and willing to deliver the bond and mortgage if required but the vendor repudiated the contract altogether. There was no need, therefore, upon an appeal to the Appellate Division, for an order for a new trial by reason of the variance permitted by the judgment in

manner of performance; a modification of the judgment would have furnished the required correction, but even that is unnecessary where the mortgage, if it had been given, would now be due. (*Wadick* v. *Mace*, 191 N. Y. 1; *Levin* v. *Dietz*, 194 N. Y. 376, distinguished and limited.)

*Epstein* v. *Gluckin*, 193 App. Div. 906, reversed.

(Argued April 24, 1922; decided June 6, 1922.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 8, 1920, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

*Louis B. Boudin* for appellant. There is no rule of law preventing an assignee from obtaining specific performance of a contract for the purchase and sale of real property. The so-called "mutuality" rule has no application to an assignee. (4 Pom. Eq. Juris. [3d ed.] § 1405; *Jones* v. *Tankerville*, [1909] 2 Ch. Div. 440; *Baker Mach. Co.* v. *U. S. F. A. Co.*, 97 Atl. Rep. 613; *Naylor* v. *Parker*, 139 S. W. Rep. 93; *Wright* v. *Suydam*, 131 Pac. Rep. 239; *Central Land Co.* v. *Johnston*, 95 Va. 223; *Paterson* v. *Chase*, 115 Wis. 239; *Frank* v. *Stratford-Handcock*, 77 Pac. Rep. 134; *Lamprey* v. *St. P. & Chi. Ry. Co.*, 89 Minn. 187; *Great Northern Ry.* v. *Cheyenne Tel. Co.*, 27 N. D. 256; *Gen. Elec. Co.* v. *Westinghouse El. Co.*, 151 Fed. Rep. 664; *U. S.* v. *Chic., M. & St. P. Ry. Co.*, 207 Fed. Rep. 164; *Montgomery L. & P. Co.* v. *M. T. Co.*, 191 Fed. Rep. 657.)

*I. Maurice Wormser* and *Milton C. Weisman* for respondent. The assignee of a vendee under a contract for the sale of real estate, who does not agree to be bound by or carry out the terms of the contract, is not entitled to a decree of specific performance, since there is an entire absence of mutuality of remedy between the assignee and the vendor, which precludes the relief which the assignee seeks. (*Wadick* v. *Mace*, 191 N. Y. 1;

*Levin* v. *Dietz,* 194 N. Y. 376; *Mutual Life Ins. Co.* v. *Stephens,* 214 N. Y. 488; *Catholic F. M. Society* v. *Oussani,* 215 N. Y. 1; *Dittenfass* v. *Horsley,* 224 N. Y. 560; 177 App. Div. 143; *Genevetz* v. *Feiering,* 136 App. Div. 736; *Schuyler* v. *Kirk Brown R. Co.,* 193 App. Div. 269; *Carney* v. *Pendleton,* 139 App. Div. 152; *Fox* v. *Hawkins,* 150 App. Div. 801.)

Cardozo, J. One Rose Gluckin made a contract to sell a house and lot in Brooklyn to Weinstein and Joblin. The price, $12,550, was to be paid partly in cash and partly by the execution of a purchase-money bond and mortgage payable in semi-annual installments within a period of three years. The vendees assigned to the plaintiff their interest in the contract and in the land therein described. A suit for specific performance followed the vendor's refusal to convey. The Special Term gave judgment in favor of the plaintiff. The Appellate Division reversed on the ground that specific performance will not be granted at the suit of an assignee, unless the assignment of the contract is coupled with an assumption of its burdens. The result has been thought to be a deduction from cases which have conditioned relief in equity upon mutuality of remedy. We think the deduction must be rejected as unsound.

The assignee of such a contract succeeds by force of the assignment to the position of the original vendee as " the equitable owner " of the subject of the sale (*Lenman* v. *Jones,* 222 U. S. 51, 54; cf. *Elterman* v. *Hyman,* 192 N. Y. 113, 119, 120). Equity, while recognizing his right, will not leave him powerless to vindicate it, by withholding the equitable remedies without which the right is ineffective. The anomaly is not presented of a trust which equity establishes, but refuses to enforce. Assignee and assignor alike, upon fulfillment of the agreed conditions, may have the aid of the court in converting the equitable right into a legal estate. For this, the prece-

dents are ample (*Lenman* v. *Jones, supra; Seaman* v. *Van Rensselaer*, 10 Barb. 81; *Dodge* v. *Miller*, 81 Hun, 102; *Murphy* v. *Marland*, 8 Cush. 575; *Corbus* v. *Teed*, 69 Ill. 205; 2 Story's Eq. Juris. sec. 1024). In such an exercise of jurisdiction, there is no risk of hardship or injustice to the vendor. The assignee by the very act of invoking the aid of equity, assumes the duty of performance, and subjects himself to any conditions of the judgment appropriate thereto (*Catholic F. M. Society* v. *Oussani*, 215 N. Y. 1, 8; *Consol. Fruit Jar Co.* v. *Wisner*, 110 App. Div. 99; affd., 188 N. Y. 624; *Goldthwait* v. *Day*, 149 Mass. 185, 187; *Martin* v. *Mitchell*, 2 Jac. & W. 413, 427). At first the vendor had the obligation of the vendees, and of no one else. The obligation thus imposed has not been lost, but another has been added. Some one has at all times been charged with the duty of performance. The continuity of remedy is unbroken from contract to decree.

We hold, then, that specific performance was available to assignee as to assignor. Nothing to the contrary was intended by our decisions in *Wadick* v. *Mace* (191 N. Y. 1) and *Levin* v. *Dietz* (194 N. Y. 376). Later cases have made it clear that the decisions there made will be closely confined, and not extended by analogy. If there ever was a rule that mutuality of remedy existing, not merely at the time of the decree, but at the time of the formation of the contract, is a condition of equitable relief, it has been so qualified by exceptions that, viewed as a precept of general validity, it has ceased to be a rule to-day (*Catholic F. M. Society* v. *Oussani, supra; Trustees of Hamilton College* v. *Roberts*, 223 N. Y. 56; *Haffey* v. *Lynch*, 143 N. Y. 241, 248; *Waddle* v. *Cabana*, 220 N. Y. 18, 26; *Bostwick* v. *Beach*, 103 N. Y. 414, 422; *Heald* v. *Marden, Orth & Hastings Co.*, 233 N. Y. 575; *Paterson* v. *Chase*, 115 Wis. 239; Stone, The Mutuality Rule in New York, 16 Columbia Law Review, 443; 3 Williston, Contracts, secs. 1433, 1436,

1440, and cases there cited). What equity exacts to-day as a condition of relief is the assurance that the decree, if rendered, will operate without injustice or oppression either to plaintiff or to defendant (Williston, *supra;* Stone, *supra;* Ames, Lectures on Legal History, p. 370; Lewis, Want of Mutuality in Specific Performance, 40 Am. Law Reg. [N. S.] 270, 382, 447, 507, 559; 42 id. 591). Mutuality of remedy is important in so far only as its presence is essential to the attainment of that end. The formula had its origin in an attempt to fit the equitable remedy to the needs of equal justice. We may not suffer it to petrify at the cost of its animating principle.

The judgment of the Special Term permits the plaintiff to substitute cash for the purchase-money bond and mortgage which under the terms of the contract were to be signed by the vendees. The evidence is uncontradicted that the vendees were present on the law day and were ready and willing to deliver the bond and mortgage if required. The vendor repudiated the contract altogether. In these circumstances, there was no need of a new trial by reason of the variance permitted by the judgment in the method of performance. We are not informed that the cash was less acceptable than the mortgage. If, however, it was, a modification of the judgment would have furnished the required correction. Even that modification, however, is no longer of practical importance. The judgment directs specific performance as of May 14, 1919. The mortgage called for by the contract was to be payable in three years. The cash, therefore, would now be due, if the mortgage had been given.

The order of the Appellate Division should be reversed, and the judgment of the Special Term affirmed, with costs in the Appellate Division and in this court.

POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; HOGAN, J., concurs in result; HISCOCK, Ch. J., absent.

Order reversed, etc.