JOHN A. LANGEL, Plaintiff, *v.* IRVING W. HURWITZ and Others, Defendants.

Supreme Court, Queens County, January, 1926.

**Vendor and purchaser — specific performance — assignee of vendee may be required to specifically perform contract for sale of real estate where said assignee demanded extension of time to close.**

An assignee of a vendee may be required to specifically perform a contract for the sale of real estate, where subsequent to the assignment said assignee demanded an extension of time, aggregating thirteen days, for the closing of the title and thereby brought himself under the provisions of the contract which recites that its stipulations are to " apply and bind  *  *  *  the assigns " of the parties.

MOTION to dismiss complaint in action by vendor to compel assignee of vendee to specifically perform contract for sale of real estate.

*Harry Gittleson,* for the plaintiff.

*Abraham L. Pomerantz,* for defendant Betz.

FABER, J. Motion for an order dismissing the complaint, on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action against the defendant Isidor Betz.

The action is for specific performance of a contract for the sale of real estate made by the defendants Hurwitz and Hollander by which they agreed to purchase from the plaintiff Langel certain premises situated at Belle Harbor, Long Island, title to be closed on October 2, 1925. The complaint alleges, in addition to the making of the contract, that the defendants Hurwitz and Hollander assigned all of their right, title and interest in and to said contract to the defendant Benedict, and that Benedict assigned his interest to the defendant Betz. It further alleges that subsequent to the assignment to Betz he requested and demanded an extension of time for the completion and performance of the said contract until October 15, 1925. Then follows in the complaint the usual allegations as to readiness and willingness to perform on the part of the plaintiff and the failure of any of the defendants to appear at the time and place for the closing of the title.

The sole question presented on this motion for decision is whether the vendor can compel specific performance on the part of the vendees' assignee of a contract for the sale of real estate. In the case of *Epstein* v. *Gluckin* (233 N. Y. 490) it was held that the assignee of the vendee in a realty sale contract might enforce specific performance by the vendor. In so holding the court said that the assignee succeeds " by force of the assignment " to the position of the vendee as " the equitable owner " of the subject of the contract, and that " assignee and assignor alike, upon fulfillment of the agreed conditions, may have the aid of the court in converting the equitable right into a legal estate." This language was certainly broader than the requirement of the particular question decided, and thus affords aid, as do other expressions of the opinion, to the conclusion that the rule of the case is not one to be offered for sacrifice to the old fetish of mutuality by narrowness in application. And such has been the subsequent attitude of the courts. (*Marinaro* v. *Pecoraro*, 206 App. Div. 622; *Shea* v. *Southwick*, Id. 644; *Crocker* v. *Page*, 210 id. 735; and especially *H. & H. Corporation* v. *Broad Holding Corporation*, 204 id. 569.) In the case last cited the court, by Mr. Justice YOUNG, overruled the doctrine which denied to a vendor the right to enforce specific performance by the vendee's assignee where such assignee had before suit demanded performance, because it could not coexist with the rule laid down in the *Epstein* case. In the present case the assignee did not so demand performance. He did that which, in my opinion, was the equivalent. He " demanded " an extension of the time for completing performance. Without that demand and as assignee merely, the privilege, which equity might accord to the vendee, of completion within a reason-

able time, was not accordable to him. When, therefore, he " demanded " an extension, as of a right, which he would not have unless he accepted in all respects the place of the vendee, he as fully almost in fact, and as fully clearly in logic, accepted the obligations of the vendee, as did the assignee in the cited case who had demanded performance. He was then no longer the bare assignee of the vendees' rights, with an option to perform or not, but by his own act of " demand " he had brought himself under the provision in the contract that its stipulations were to " apply to and bind   *   *   *   the assigns " of the parties.

For the reasons stated the motion should be denied, with leave to the defendant Betz to answer within twenty days, upon payment of ten dollars costs.