Nolan, J.
In March, 1945, William T. Harris, as trustee of a certificated mortgage, was authorized and directed by an order of the Supreme Court, made at Special Term, Kings County, to consummate a sale of the -mortgage which he held as trustee, to Canfield Properties Corp., the owner of the mortgaged premises, for 93% of the unpaid principal of the" mortgage, together with accrued interest on the full unpaid principal amount, and the costs and expenses of the sale. The order approved an offer, made in open court, by the owner of the property, on a hearing before the Special Term, with respect to a ' proposed extension of the mortgage, and offers submitted to the trustee for the purchase thereof. Although the trustee had reported to the court that he had entered into a contract, subject to the court’s approval, to assign the mortgage for a lesser amount, and was apparently willing to assign if the court should approve his tentative contract, he did not accept the later offer, but opposed its approval by the Special Term because of the objections of certificate holders. The court, nevertheless, in spite of these objections and the opposition of the trustee, directed the sale of the mortgage, but did not direct the owner of the premises to enter into a contract, or to complete the proposed purchase. The order provided that if ' the purchase should not be consummated by May 2, 1945, the application to sell the mortgage would be denied, and the deposit made by the owner should be applied by the trustee on account of fees and expenses and in reduction" of the principal of the mortgage. Pending the closing of the purchase, the trustee was empowered to collect the mortgage interest and statutory amortization which might become due. The owner was not bound to -.complete the proposed purchase, but could have done so or not, at its option. On April 23, 1945, the trustee and certificate holders who had opposed the sale appealed to this court. The order directing the sale was affirmed. (269 App. Div. 904.) Leave to appeal to the Court of Appeals was denied by this court (269 App. Div. 940), and subsequently, in January, 1946, by the Court of Appeals (295 N. Y. 987).
Canfield Properties. Corp. assigned its rights to Edward H.. Benenson, who, on April 30, 1945, tendered to the trustee the full amount of the purchase price due under the order. The tender was refused by the trustee and the purchase money was retained by Benenson. The attorney for the trustee has asserted before the Special Term, without'contradiction,.thatBenenson’s attorney then consented that the sale be postponed pending appeal. Whatever may have been done in this respect, *47 a motion was made on May 12, 1945, to compel the trustee to consummate the sale. That motion was adjourned from time to time and was subsequently withdrawn. No other action was taken until February, 1946, when a further motion was made to compel the trustee to close the transaction, nunc pro tunc as of May 1,1945, and to punish him for contempt for his previous failures to do so. By order to show cause by which the motion was brought on, the Special Term extended the time of the closing, at the request of Benenson, until five days after the entry and service of an order determining the motion. The motion was denied, by order made February 25, 1946, which order provided that the trustee was entitled to retain interest on the mortgage, which had been paid to the trustee, pending the closing, and to receive interest thereon to the date upon which the transaction should actually close, and further extended the time of the purchaser, or the purchaser’s assignee to close the transaction. By order dated February 19, 1946, the Special Term had already extended the closing date until February 28, 1946. The original purchaser, Canfield Properties Corp., and its assignee, Benenson, have appealed from both of these orders insofar" as they deny the application to compel the trustee to consummate the sale, mmc pro tunc as of May 1, 1945, and to punish the trustee for contempt, and hold that the trustee may retain and receive interest on the mortgage to the date of the actual closing of the sale.
We are informed by the parties to this appeal that the transaction has been closed, and that an assignment of the mortgage has been delivered by the trustee, who has been directed not to distribute the mortgage interest from May 1, 1945, to March 1,
1946, the closing date, until a final determination of this controversy. We assume from this statement that the trustee has received and is holding, subject to the determination of this appeal, interest on the mortgage from May 1, 1945, to March 1, 1946, and that the purchaser, or its assignee, has paid to the trustee the full amount of the purchase price, without interest thereon, since we are not informed that such interest has been paid, and the record does not disclose that interest on the purchase price has ever been tendered or offered by the purchaser, or by the assignee.
Appellants do not press their contention that the trustee should be punished for contempt, nor do they press their appeal from the provision in the orders directing the purchaser to reimburse the trustee for sums directed to be paid to the Bureau of Trust Supervision. The question which must be decided is
*48 whether the trustee may retain the mortgage interest paid between May 1,1945, and March 1,1946, or whether such interest should be paid' to the assignee of the mortgage. Appellants contend that they were at all times ready and willing to close, that they could have been compelled to close at any time, and that they tendered the purchase price before the closing date fixed by the court in 1945. They assert that if the trustee had assigned the mortgage when the tender was made, the assignee of the mortgage would have received the mortgage interest from that date on, and that he should not be penalized, and the trustee and certificate holders should not be unjustly enriched at his expense, because of the prosecution of an unsuccessful and unjustified appeal. While these contentions require serious consideration, it is our conclusion that they may not be sustained. We may assume that the Special Term could have accepted the offer made by Canfield Properties Corp., and could have compelled that corporation to purchase the mortgage pursuant to its bid. (Matter of Bond & Mortgage Guarantee Co., 288 N. Y. 270, 278.) The Special Term did not do so, however, and the purchaser was not obligated by court order or by contract to complete its purchase, but was left in a position in which it could close the sale, or not, at its option. Canfield Properties Corp. never attempted to complete its purchase, but assigned its rights to Benenson, a stranger to the proceeding. Even if we were to accept the view that the Canfield Properties Corp. had obligated itself to purchase the mortgage, Benenson could not have been compelled to perform that obligation unless he had assumed it. (Langel v. Bets, 250 N. Y. 159.) Benenson assumed no obligation, however, nor did one exist at the time when he accepted the assignment, lío different situation was created by the tender of the purchase price. It is a familiar principle that the acceptance of an option makes a mutual contract which may be specifically enforced. (Hamilton College v. Roberts, 223 N. Y. 56.) In this case, however, the trustee had given no option, and had made no offer which could have been accepted by a tender. Whatever rights Benenson had existed by virtue of the order of the court, which the trustee was resisting by appeal. If the trustee had consented to accept the tender, it may well be that it could not thereafter have been withdrawn, and Benenson might have been compelled to complete the purchase in accordance with his assignor’s bid. (Archer v. Archer, 155 N. Y. 415.) The tender was refused, however, and the trustee, having refused it, could not have compelled Benenson to purchase the mortgage on the theory that he had entered into a contract, *49 and the court had not directed and did not thereafter direct that the purchase money should be paid. After the refusal of his tender, Benenson was in up worse position than he had been before it was made. He had protected his rights under his assignment, but was still free to complete his purchase if the trustee could be compelled to assign the mortgage, or to abandon the transaction entirely if he should so elect. Ho stay had been obtained pending the trustee’s appeal. Benenson could have applied to the court to enforce its order directing the trustee to sell. Had he done so, however, he would have been compelled to pay over the purchase price or to deposit it subject to the order of the trustee. If a party demands affirmative relief based on a tender of unconditional payment of a sum of money, he cannot retain the money subject to his own use but must devote it to the specific purpose of payment and put it within the power of the person to whom the payment must be made to receive it at any time. (Jefferson Title & Mortgage Corp. v. Dempsey, 266 N. Y. 190.) Moreover, had he done so, he would have irrevocably subjected himself to the jurisdiction of the court, and would no longer have been able to assert that he was not bound to complete his purchase. (Epstein v. Gluckin, 233 N. Y. 490; Brookwood Parks, Inc., v. Jackson, 261 App. Div. 410, 414.) Although not obligated to do so, to protect his right to an assignment of the mortgage he could have kept his tender good by a deposit. Had he done this, there could have been no question as to his position, or his obligation to complete his assignor’s bid. Concededly he did apply to the court to compel the trustee to assign, in May, 1945, but his motion for such relief was withdrawn, and was not renewed until February, 1946, when the present application was made. Concededly also, he did not keep his tender good by deposit, or appropriation to the trustee’s use, but retained the funds subject to his order, or that of his associates, until the actual closing of the sale on March 1, 1946. Under such circumstances, having retained control of the purchase price, and having at all times been in a position in which, if he had so desired, he could have abandoned the transaction, he should not be heard to complain that the sale was not closed as of May 1, 1945, or that the trustee and the certificate holders have been permitted to receive and retain the mortgage interest pending his final election to close. With respect to sales of real property, there is no question about the rule which is ordinarily applied. Where the purchaser is ready and willing to perform, and the delay is on the part of the vendor, the purchaser is entitled to the rents and profits from the time when, according to the terms of the contract, possession should have been delivered, and is chargeable with interest on *50 the purchase money if it has remained in his hands unappropriated. But where it has been appropriated and notice thereof given to the vendor, and the purchaser has received no interest thereon, he is not liable to pay interest to the vendor. (Bostwick v. Beach, 103 N. Y. 414, 423.)
' The vendee, if the purchase money has not been paid, may elect whether to pay interest on the purchase money and take the rents and profits, or he may allow the vendor to retain the rents and profits, in which case he will be exempted from the payment of interest. (Worrall v. Munn, 53 N. Y. 185.) The rule is subject to some qualifications and exceptions where its application would be inequitable and unjust.
We see no reason, however, why it should not be applied in this case. Apparently the vendee has neither offered nor been compelled to pay interest on the purchase price. The vendor, therefore, should be allowed to retain the income which he received pending the closing of the sale.
There is no merit to appellants’ contention that the Special Term had no power to extend the time of closing. Appellants are not aggrieved by such extension. The extension was for their benefit and they were not compelled to close by the order appealed from unless they should elect so to do.
The orders insofar as appealed from should be affirmed, without costs.
Lewis, P. J., Hagarty, Adel and Aldrich, JJ., concur.
Orders insofar as appealed from affirmed, without costs. [See post, p. 786.]