M. Lisa TETENES, Plaintiff,

v.

COUNTY OF ROCKLAND,
et al., Defendants.

No. 90 Civ. 4795 (VLB).

United States District Court,
S.D. New York.

Feb. 3, 1993.

B. Anthony Morosco, White Plains, NY, for plaintiff.

Jeffrey S. Rovins, New York City, for defendant County of Rockland.

William G. Kelly, Kelly & Flanagan, Elmsford, NY, for defendants Pepper, Duckler, Goldstein, Fishberg, Schweizer and Whitney.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This case brought under 42 U.S.C. § 1983 et seq. involves a lawsuit seeking damages because of alleged falsification of medical records concerning plaintiff, which were received as exhibits in *Tetenes v. Town of Clarkstown, et al.*, 85 Civ. 5133 (RJW). That case concerned alleged improper detention of plaintiff for psychiatric observation in violation of Fourteenth Amendment rights. A jury trial was held, leading to a verdict for defendants. The medical records now in dispute were sent to the jury with other exhibits, but were not separately referred to in the summations of either party or in the court's charge.

In addition to asserting that the earlier lawsuit was lost because of the falsification, plaintiff asserts property rights in the accuracy of the records and defamation by their falsification.

Several defendants have moved for summary judgment. As set forth below, I grant the motions in part, and deny them in part at this time without prejudice.

### II

Use of altered documents—especially where public officials may have been involved—is an extremely serious matter potentially involving obstruction of justice under applicable federal criminal statutes (see 18 U.S.C. § 1503). It may give rise to adverse inferences within the litigation involved. See generally *United States v. Nichols*, 912 F.2d 598, 601 (2d Cir.1990); *Welsh v. United States*, 844 F.2d 1239, 1244–47 (6th Cir.1988).[1]

█ Moreover, improper alteration of documents or creation of erroneous inferences concerning their history may become the basis for overturning a judgment where the adverse impact is sufficient. *Stephens v. South Atlantic Canners*, 848 F.2d 484, 487 (4th Cir.1988).

In this instance, Judge Ward entertained a motion for relief under Fed.R.Civ.P. 60 from a judgment adverse to the plaintiff in 85 Civ. 5133, held an evidentiary hearing and concluded in a memorandum order dated May 5, 1989 that no relief was justified. A copy of Judge Ward's decision denying relief under Rule 60 is attached to this memorandum order. Judge Ward determined that plaintiff "failed to demonstrate that defendants intentionally ... produced any altered documents," and that in "any event, the evidence presented at the hearing would not justify the granting of plaintiff's motion." Id., p. 6. No application for reconsideration of Judge Ward's May 5, 1989 ruling or for further relief under Rule 60 appears to have been made.

---

1. Such an inference is rarely enough by itself to establish disputed facts. See *United States v. Local 560, IBT*, 780 F.2d 267 (3d Cir.1985), *cert. denied* 476 U.S. 1140, 106 S.Ct. 2247, 90 L.Ed.2d 693 (1986); *Pagel, Inc. v. SEC*, 803 F.2d 942 (8th Cir.1986); J. Kestler, *Questioning Techniques and Tactics* § 6.19 (1983).

Defendants argue that plaintiff's claims are barred by *res judicata* or collateral estoppel, pointing out that differences in the identity of the parties do not preclude application of collateral estoppel. See *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Blonder–Tongue Laboratories v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Epstein v. Gluckin*, 233 N.Y. 490, 135 N.E. 861 (1922), discussed in Note, 36 Harv. L.Rev. 229 (1922), and vindicating the viewpoint urged in Stone, "The Mutuality Rule in New York," 16 Colum.L.Rev. 443 (1916).

Plaintiff correctly points out that the current parties are not identical to those in the case before Judge Ward and that the claims asserted here relate to the alleged falsity of the documents, whereas the issue raised in the case before Judge Ward was the legality of the psychiatric detention.

■■■ To the extent that differences in parties reflect differences in issues actually decided, it would be unjust to bar a new lawsuit merely because a party received an adverse decision in an earlier case. *Connors v. Tanoma Mining Co.*, 953 F.2d 682 (D.C.Cir.1992); *Fund for Animals v. Lujan*, 962 F.2d 1391 (9th Cir.1992). Here, however, except as noted in part V below related to possible future use of allegedly erroneous medical records, the issue of deliberate use of false documents raised by the Rule 60 application in 85 Civ. 5133 is identical to the issue presented in this case. If third parties had deliberately altered the diagnosis of plaintiff's condition—whether on their own or at the instance of the 85 Civ. 5133 defendants,[2] the verdict in 85 Civ. 5133 would have been vulnerable. Indeed, plaintiff's central complaint in this action is that 85 Civ. 5133 was wrongly decided because of the conduct alleged in the present case. But the issue of whether or not the 85 Civ. 5133 case was wrongly decided may be determined only on a Rule 60 motion,

and not in a separate damage suit against other parties.

Inasmuch as the Rule 60 adjudication in 85 Civ. 5133 remains unaltered, it would be contrary to sound judicial administration to permit the issue adjudicated to be relitigated. One lawsuit cannot be pyramided on the loss of a prior one if litigation is to have an end.

### III

■■ Moreover, even if the prior Rule 60 application had not already been made, invocation of Rule 60 and not this lawsuit would be the proper recourse if evidence were unearthed that fraudulently altered documents had been used in the original case and may have affected its outcome. It would be counter to sound judicial administration to permit a secondary suit for damages to be pursued based on conduct assertedly leading to an erroneous verdict in a prior lawsuit.

Multiple overlapping suits concerning related or identical issues cannot be permitted. Otherwise, parties who bring one case would be encouraged to seek to hedge their bets to insure another bite at the apple regardless of the pendency or outcome of the first case, by initiating other lawsuits growing out of the same circumstances. This would tend to permit litigation to feed on itself and expand without limit. See generally *Schlangen v. RTC*, 934 F.2d 143 (7th Cir.1991); *Mulrain v. Board of Selectmen*, 944 F.2d 23 (1st Cir.1991); *Smith v. Russell Sage College*, 54 N.Y.2d 185, 192–93, 445 N.Y.S.2d 68, 429 N.E.2d 746 (1982); *Soling v. New York*, 804 F.Supp. 532 (S.D.N.Y.1992).

Plaintiff argues that critical information not before Judge Ward has been uncovered and that a full and fair hearing was not provided, citing *Allen v. McCurry*, 449 U.S. 90, 101, 101 S.Ct. 411, 418, 66 L.Ed.2d 308 (1980). This court (the Southern District of

---

**2.** Unless some other motive existed, it would only make sense for persons other than the defendants in 85 Civ. 5133 to attempt to alter documents to influence the result in that case, if it were at the instance of the defendants in 85 Civ. 5133. No other motive has been suggested

by plaintiff. And a claim that does not make sense must be supported by other additional evidence to survive summary judgment under *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

New York) remains open, however, to entertain under Rule 60 a further claim with respect to 85 Civ. 5133 if properly based on newly available evidence. We are not dealing with a closed case in another jurisdiction or another court.

To the extent that plaintiff's arguments may have merit, an application to reopen the Rule 60 decision is the proper remedy, not this separate lawsuit. The impact, if any, of plaintiff's failure to pursue that avenue since May, 1989 need not be determined at this time.

## IV

■ Plaintiff also claims other harm from the falsification of the documents on the grounds that correct medical records are a property right and that defamation resulted from their falsification. Plaintiff has failed to establish that any damage already suffered (as distinct from potential future harm) was independent of the use of the allegedly false records in 85 Civ. 5133.[3]

In part because of the chilling effect which liability to personal damage suits may have on the legitimate performance of duty by public servants, courts normally do not defer evaluation of the presence of a genuine issue of material fact to trial in cases of this type; once a motion for summary judgment has been made they require a sufficient factual showing to warrant proceeding to trial. See *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); Schroeder, *Rights Against Risks*, 86 Colum.L.Rev. 495 (1986).

Unless combined with some "plus factor" such as dismissal without adequate hearing, erroneous defamatory statements by governmental authorities have not been considered as grounds for damage suits under the Fourteenth Amendment against

officials or public sector agencies. See *Siegert v. Silley*, — U.S. —, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991); *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Neu v. Corcoran*, 869 F.2d 662 (2d Cir.1989).[4]

Alleged use of fraudulent defamatory documents to alter the outcome of 85 Civ. 5133 cannot furnish such a "plus factor" in the present case, because such use was the very question before the court on the Rule 60 motion in that case and cannot be relitigated through the medium of the present case.

## V

■ Plaintiff also claims that future revelations of the allegedly erroneous records may occur under state law, that their existence may bar plaintiff from obtaining an investigator's license in a field in which she has been employed, and that her usefulness and credibility as an expert witness may be impaired by continued availability of erroneous medical records. The opportunity for fuller factual development concerning such risks is necessary before summary judgment could be granted dismissing this aspect of the complaint. See *Riley v. Wainwright*, 810 F.2d 1006 (11th Cir.1986).

■ Future use of allegedly false records when officially presented or required to be disclosed to third parties, associated with the fact of prior detention of plaintiff for psychiatric reasons in a way which may be deemed described by the records, may constitute a "plus factor" justifying relief, similar to that which might be created where dismissal from employment is involved. See *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Neu v. Corcoran*, 869 F.2d 662 (2d Cir.1989). Thus threat of future harm if incorrect

---

**3.** See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, point III (undated, unnumbered), which I direct be considered part of the record on these motions.

**4.** It may be open to question whether deliberate creation or use of false medical or similar records would constitute a denial of liberty or property rights without due process actionable under 42 U.S.C. § 1983 simply because a public

rather than private sector facility was involved. To so hold might mean that any entry the recordkeeping parties should have known was erroneous would become a basis for a federal lawsuit even though state remedies were available. This would tend to trivialize the Fourteenth Amendment contrary to the teachings of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

medical information about plaintiff remains on file presents a question which may justify equitable relief.

If deliberate creation of erroneous entries on plaintiff's medical records occurred, correction of such records might be an appropriate remedy. This does not mean, however, that a ruling must necessarily be made as to the proper ultimate entries so long as any clearly unsupportable ones are excised. See *Doe v. United States*, 821 F.2d 694 (D.C.Cir.1987).

The question of correction of the records if such is necessary may well be susceptible to consensual resolution; the parties are directed to discuss settlement of that remaining open aspect of the case and to report the results within 30 days of the date of this order.

### VI

For the reasons set forth above, summary judgment is granted dismissing the complaint as to all defendants [5], with the exception that with regard to prospective relief concerning continued retention or use of allegedly erroneous medical records, the motions for summary judgment are denied without prejudice.

SO ORDERED.

---

5. Although not all defendants have moved for summary judgment, my reasons for granting it on the basis set forth herein, appear to apply equally to all. If plaintiff contends this is incorrect, a showing to that effect shall be submitted within 30 days of the date of this order.