ARTHUR H. WADICK, Respondent, *v.* ARTHUR J. MACE et al., as Executors of MALINDA G. MACE, Appellants.

1. VENDOR AND PURCHASER — MUTUALITY OF REMEDY — WHEN SPECIFIC PERFORMANCE WILL NOT BE DECREED. Specific performance of a contract for the sale of land will be denied in the absence of mutuality of that remedy in both parties to the contract, and where it contains a provision that no suit for its specific performance shall be maintained by the vendor it will be assumed that such provision was inserted therein with a knowledge of the rule, and, therefore, that the vendor in relinquishing the right to the remedy assumed that such action necessarily involved its relinquishment on the part of the purchaser.

2. SAME — WHEN DESCRIPTION INDEFINITE AND AGREEMENT VAGUE OR INEQUITABLE, SPECIFIC PERFORMANCE WILL BE DENIED. Specific performance of such a contract will also be denied, where it appears from the evidence that the minds of the parties have never met in respect to the specific location and boundaries of the property to be conveyed, and where the facts proved render the agreement either so vague and indefinite in essential respects, or so inequitable in its effect, that the remedy would be unsuitable and inappropriate.

*Wadick* v. *Mace,* 118 App. Div. 777, reversed.

(Argued December 12, 1907; decided January 21, 1908.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 19, 1907, reversing a judgment in favor of defendants' testa-

trix entered upon a dismissal of the complaint by the court on trial at Special Term and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Austen G. Fox* and *Ralph Hickox* for appellants. The trial court was right in refusing to grant specific performance, inasmuch as the agreement set forth in the complaint was incomplete. (*Mayer* v. *McCreery*, 119 N. Y. 434; *Cooley* v. *Lobdell*, 153 N. Y. 566; *Wright* v. *Weeks*, 25 N. Y. 153; *Ridgway* v. *McCreery*, 119 N. Y. 434; *Sourwine* v. *Truscott*, 17 Hun, 432; *Appleby* v. *Johnson*, L. R. [9 C. P.] 158; *Bluemner* v. *Garvin*, 120 App. Div. 29; *Rosenberg* v. *Wilson*, 120 App. Div. 554; *Stanton* v. *Miller*, 58 N. Y. 192.) The trial court was right in refusing to grant specific performance, inasmuch as under the contract there was lacking that mutuality of obligation and remedy without which specific performance will not be decreed. (*Palmer* v. *Gould*, 144 N. Y. 678; *Stokes* v. *Stokes*, 148 N. Y. 708; *Mahoney* v. *Carr*, 175 N. Y. 454; *Ide* v. *Brown*, 178 N. Y. 26; *Cook* v. *Brown*, 87 App. Div. 8; *Woodward* v. *Harris*, 2 Barb. 441; *Phillips* v. *Bergh*, 8 Barb. 527; *Benedict* v. *Lynch*, 1 Johns. Ch. 378; *Karrick* v. *Hannaman*, 168 U. S. 328; *Buck* v. *Smith*, 29 Mich. 165; *Rush* v. *Conrad*, 49 Mich. 449.)

*Ernest Hall* and *Arthur H. Wadick* for respondent. The facts in the case at bar clearly call for the intervention of a court of equity, and a decree for specific performance in accordance with the prayer contained in the complaint. (*Vought* v. *Williams*, 120 N. Y. 253; *North* v. *Percival*, L. R. [2 Ch. Div.] 128; *Chattock* v. *Muller*, L. R. [8 Ch. Div.] 177; *Jennings* v. *Green*, 27 Beav. 437; *Gregory* v. *Mitchell*, 18 Ves. 398; *Haywood* v. *Cope*, 25 Beav. 140; *Owen* v. *Thomas*, 3 M. & K. 353.)

WILLARD BARTLETT, J. This is a suit by the vendee in a contract for the sale of land to enforce the specific performance of that contract.

The contract was made between Malinda G. Mace, party of the first part, and Arthur H. Wadick, party of the second part; and the party of the first part thereby agreed to sell to the party of the second part " All that certain tract of land, situate, lying and being in what was formerly the Town of Westchester, County of Westchester and State of New York, but now a part of the Twenty-fourth Ward, Borough of the Bronx, City, County and State of New York, and known as the most Southerly Twenty (20) acres of the Levi H. Mace Farm, nearest Bronxdale and running from the White Plains Road to Boston Road and bounded and described as follows: Northerly by the remaining portion of the said Levi H. Mace Farm; easterly by the Boston Road; Southerly by the Wolff Estate, and Westerly by the White Plains Road."

The consideration is stated in the contract to be the sum of $115,000, $1,000 of which was paid upon the execution of the instrument. In reference to this payment the contract contained the following further provision: " It is further understood and agreed by and between the parties hereto, that in the event of a breach of the within Contract by the party of the second part, and the said party of the. second part being unable to fulfill the terms and conditions of the within Contract, then this Contract shall be null and void, and the deposit of One Thousand ($1,000) Dollars paid upon the signing of the within Contract shall be retained by the party of the first part hereto, as and for liquidated damages and in full satisfaction thereof, and no suit or action whether for specific performance or damages shall be maintained by the party of the first part against the party of the second part."

The complaint after alleging the execution of the agreement further alleged that it was expressly understood and agreed between the parties thereto " that the said defendant would procure a survey to be made of the premises described in said agreement before the passing of title which survey was to definitely determine the north and south lines of the property described in the agreement as the Levi H. Mace Farm." The defendant seasonably tendered to the plaintiff a deed in which

the premises to be conveyed were described precisely as they are described in the contract. This the plaintiff declined to accept, insisting that it was not in accordance with the alleged agreement for a survey. The trial court refused to find that the defendant had undertaken to provide the plaintiff with any such survey, and rendered judgment in favor of the defendant on the ground that she had performed her whole duty in tendering to the plaintiff a deed in accordance with the terms of the contract. This judgment has been reversed by the Appellate Division on the law and the facts. The opinion of that court does not point out precisely what error is the basis of the reversal, but it was probably the refusal of the trial court to find that an oral agreement for a survey was made contemporaneously with the execution of the written contract. No doubt the trial court committed an error in this respect, for the uncontradicted testimony abundantly established such an agreement. This error, however, is of no consequence, if, as we think, the character of the contract itself, now sought to be specifically enforced, was such that a court of equity, under established rules, will not thus enforce it.

In the various text books and innumerable cases which deal with the subject of specific performance no rule is more clearly or positively stated than the rule that a contract must be mutual in its remedy in order to warrant a decree for the specific performance thereof. "It must be in general," says Professor Pomeroy, "mutual in its obligation and in its remedy." (4 Pomeroy's Equity Jurisprudence [3d ed.], § 1405.) This statement has been quoted with approval again and again by the courts in this and many other states. The same learned author, in another work, declares that if a contract cannot be specifically enforced against one of the parties, then, and for that reason, he is not entitled to the remedy of a specific performance against his adversary. (Pomeroy on Contracts, § 163.) In *Palmer* v. *Gould* (144 N. Y. 671) the court declared it to be a well-settled rule that the specific performance of a contract for the sale of lands will not be decreed

if the remedy be not mutual. The same doctrine was asserted by this court in *Stokes* v. *Stokes* (148 N. Y. 708); *Mahaney* v. *Carr* (175 N. Y. 454) and *Ide* v. *Brown* (178 N. Y. 26, 39). The necessity of mutuality in order to justify a decree for specific performance is pointed out by the Supreme Court of the United States in *Marble Company* v. *Ripley* (10 Wall. 339, 359) where Mr. Justice STRONG says: "It is a general principle that when, from personal incapacity, the nature of the contract, or any other cause, a contract is incapable of being enforced against one party, that party is equally incapable of enforcing it specifically against the other, though its execution in the latter way might in itself be free from the difficulty attending its execution in the former." Both parties at the time when the contract is executed must have the right to resort to equity for its specific performance or it will not be specifically enforced (*Norris* v. *Fox*, 45 Fed. Rep. 406); the general rule being that an executory contract will not be specifically enforced unless the remedy is mutual. (*Strang* v. *Richmond, etc., R. Co.*, 101 Fed. Rep. 511.) "The remedy must be mutual as well as the obligation, and where the contract is of such a nature that it cannot be specifically enforced as to one of the parties equity will not enforce it against the other." (*Cooper* v. *Pena*, 21 Cal. 404.) If there be not a mutuality of remedy, no matter from what cause, specific performance will not be decreed. (*Stanton* v. *Singleton*, 126 Cal. 657, 663.)

The Appellate Division conceded that the general rule requiring mutuality of remedy applies to such a contract as that in the case at bar, but deemed it inapplicable here, because the vendor by the very terms of the contract itself had waived her right of action for a specific performance while there was no such waiver on the part of the vendee. I do not appreciate the force of the argument in this respect. It is rather to be assumed, I think, that the provision in the contract to the effect that no suit for specific performance shall be maintained by the vendor was inserted therein with a knowledge of the rule which requires a mutuality of remedy

as the basis of a suit to specifically enforce a contract; and, therefore, that the vendor in relinquishing the right to this remedy herself assumed that her action in so doing necessarily involved its relinquishment on the part of the vendee.

While I think that this contract lacks the mutuality of remedy which has been so often pronounced essential to the right to a specific performance, there are other reasons which amply support the action of the trial court in denying that relief to the plaintiff. The uncontradicted evidence leaves no doubt that the minds of the parties never met in respect to the specific location and boundaries of the property to be conveyed. There was an unsettled difference between them in two respects: first, in regard to the westerly boundary " by the White Plains Road; " and secondly, in regard to the northerly boundary. The map of the Levi H. Mace farm which is put in evidence shows that there are two roads on the west side of the southern portion, one denominated the Old White Plains road and the other the White Plains road. If the property to be conveyed is bounded by the Old White Plains road the deed would give the grantee a gore, having an area of 0.282 acres more than he would otherwise receive; and it is impossible to determine from the evidence whether he insists upon his right to the conveyance of this strip or not. Across the northern portion of the twenty acres to be conveyed is laid out a highway known as Allerton avenue or Bleecker street, running east and west. A conveyance of twenty acres would take the vendee's northerly line across this highway so as to include the whole of it, and would intersect the vendor's lots on the north side of the highway, so as to cut off a few feet from each and deprive the occupants of any egress thereon. The Appellate Division admits that the parties did not have any such result as this in contemplation at the time of the making of the contract. "They, no doubt," says the court, " acted upon the assumption that a conveyance of the southerly twenty acres would carry the line to the southerly boundary of Bleecker street or some point south of it. This

is made to appear by the conduct of the parties.　\*　\*　\*　In this case it is apparent that the deprivation of street frontage to the remaining land of the vendor would impose injury and damage incalculably in excess of benefits to be derived by the vendee." So strongly was the Appellate Division impressed with the injustice which might thus be done to the vendor that it suggested that the trial court to which the case was relegated might adopt the English practice of appointing a referee to work out and report a scheme for the equitable performance of the contract.

These facts, I think, make it sufficiently plain that the real agreement between the parties to this instrument was either so vague and indefinite in essential respects, or would be so inequitable in its effect, if construed in accordance with the contention of the vendee, that it cannot be specifically enforced. Under the stipulation which the defendants were compelled to give in order to bring the case here for review we can do nothing in the event of an affirmance except to direct a judgment in accordance with the prayer of the complaint. That prayer is for a judgment " directing the defendant to perform said agreement and provide plaintiff with a deed containing such a description as will definitely determine the north and south line of said property." What such a judgment would be it is impossible to conjecture. We cannot know whether it would include or exclude the disputed gore on the west or whether it would locate the northerly line south or north of Allerton avenue. So far as the evidence shows anything on the subject it indicates that the vendee would be dissatisfied if the gore were excluded; and the Appellate Division has unmistakably intimated that it would be unjust to the vendor if it carried the north line beyond Allerton avenue, while if that line were not carried so far the vendee would not receive his twenty acres. These difficulties show how unsuitable and inappropriate is the remedy of specific performance in such a case as this and we are fully satisfied that the trial court was right in refusing to award such relief.

The order of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs to the appellants in the Appellate Division and in this court.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, WERNER and HISCOCK, JJ., concur.

Ordered accordingly.