## GREINEL v. O'CONOR.

(Supreme Court, Special Term, New York County. May, 1909.)

SPECIFIC PERFORMANCE (§ 32*)—CONTRACTS ENFORCEABLE.

> Under the rule that equity will not enforce performance of a contract at the suit of a party thereto not himself bound to perform, one seeking specific performance of a contract to execute a lease must show an agreement whereby he was required to accept a lease.
>
> [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. § 89; Dec. Dig. § 32.*]

Action by Frank Greinel against John C. O'Conor. Demurrer to complaint sustained.

See 117 N. Y. Supp. 629.

L. Boehm, for plaintiff.

J. C. O'Conor, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MacLEAN, J. The plaintiff in his complaint alleges that on or about July 1, 1908, he entered into negotiations for the purchase of a saloon, fixtures, good will, and an unexpired lease of premises, situate at No. 1015 Third avenue, from the owners thereof, not the defendant herein, and so informed one Bowler, alleged to have been the duly authorized agent of the defendant, to whom he applied for an extension, saying that he would not complete the purchase unless said Bowler would give him a further lease of said premises from the expiration of the lease then thereon; that said Bowler "agreed" to give him a lease for the period of two years from May 1, 1909, at a certain rental; that, "relying upon the promise and agreement" of said Bowler, he purchased said saloon, fixtures, good will, and the unexpired lease, and has expended thereon a certain sum in refitting, improving, and building up said business; that the defendant confirmed and ratified the acts of said Bowler; but that the defendant has refused to deliver to the plaintiff "a duly executed lease of said premises in accordance with the agreement hereinabove set forth." Wherefore he prays, among other things, that the defendant be decreed to perform specifically. To this complaint the defendant demurs, on the ground that it does not state facts sufficient to constitute a cause of action; and so it must be determined, because the complaint does not allege or set forth an agreement inter partes, as in Richards v. Edick, 17 Barb. 260, into which, as therein, might be imported an agreement, not otherwise expressly declared, of the plaintiff to lease said premises from May 1, 1909, for a period of two years, and, under the decisions of this state, lately confirmed (Wadick v. Mace, 191 N. Y. 1, 83 N. E. 571), equity will not enforce performance at the suit of a party not himself bound to perform.

Demurrer sustained, with costs, but with leave to amend.