ROCKLAND–ROCKPORT LIME CO. v. LEARY et al.

(Supreme Court, Appellate Division, Second Department.  June 4, 1909.)

1. LANDLORD AND TENANT (§ 92*)—OPTION TO PURCHASE—TENDER OF PRICE.
   A clause under a lease giving the lessee an option to purchase, to be exercised by a notice and tender to the lessor "or his legal representative," contemplates a tender to lessor's administrator, and not to his heirs, who would not be entitled to the money, and could not receive it.
   [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 92.*]

2. CONVERSION (§ 11*)—OPTION CONTRACT—DEATH OF VENDOR—EFFECT.
   Where an owner of land contracts for its sale and dies before the contract is executed, the realty is converted into personalty by such contract; and such rule is not affected by the fact that it is an option contract.
   [Ed. Note.—For other cases, see Conversion, Cent. Dig. § 21; Dec. Dig. § 11.*]

Appeal from Special Term.

Suit by the Rockland-Rockport Lime Company against Mary C. Leary, individually and as administratrix of James D. Leary, deceased,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and others. From a judgment for defendants, plaintiff appeals. Reversed.

Suit by the vendee for the specific performance of a contract of sale of real estate.

The vendee had a written lease of the vendor of the premises for 10 years, which contained a clause giving the lessee "the right and option to purchase the property" at any time during the first five years of the term, for $125,000, and further providing as follows:

"If the said party of the second part shall exercise said option and shall notify the said party of the first part, or his legal representative, of its intent so to do, then within thirty days thereafter, the party of the second part shall tender or cause to be tendered to the party of the first part, or his legal representative one hundred and twenty-five thousand dollars in the gold coin of the United States of America, or its equivalent. And the party of the first part, or his legal representatives, shall at the same time deliver or cause to be delivered, to the party of the second part, a good and sufficient warranty deed of the premises herein described to the sole use and benefit of the said party of the second part, and its successors, forever."

The lessor died intestate during the said five years, and before the vendee exercised the option, leaving a widow, and three children and two grandchildren, his heirs. The widow was appointed his administrator.

Argued before HIRSCHBERG, P. J., and GAYNOR, RICH, and MILLER, JJ.

George F. Harriman, for appellant.
Pierre M. Brown, for respondents.

GAYNOR, J. It is not disputed that the plaintiff gave sufficient notice of the exercise of his option to purchase the property, but judgment went against him below on the ground that he tendered the purchase price to the administrator instead of to the heirs. The contract was that he should make the tender to the lessor "or his legal representative," and it was held below that this meant the heirs and not the administrator. This construction seems to have been erroneous. The contract could not have contemplated that the money should be tendered to the heirs for the obvious reason that they would not be entitled to it, but that on the contrary it would be payable to the administrator. It certainly was not meant that there should be a tender of the money to persons not entitled to it and who could not receive it. The law will not presume an absurd intention as against a reasonable and obvious one. And that the administrator comes within the phrase legal representative is not to be disputed. The case is the very same as it would be if the phrase "or his legal representative" were not in the contract. The question would be then as now who is entitled to receive the money, the vendor being dead, for the tender of the money must be made to the person entitled to receive it. If we had to deal with a contract of sale, simpliciter, no one would dispute that there was an equitable conversion of the realty into personalty by such contract, and that the administrator would be the only person entitled to receive the purchase money, for such is the settled rule in this state. Potter v. Ellice, 48 N. Y. 321; McCarty v. Myers, 5 Hun, 83. The contention is that the rule does not apply to this case because of the option. The contrary is fully established in other jurisdictions, and is the general rule, although the point has not arisen in

this state. Lawes v. Bennett, 1 Cox Ch. 167; In re Isaacs, 3 Ch. 506; Kerr v. Day, 14 Pa. 112, 53 Am. Dec. 526; Keep v. Miller, 42 N. J. Eq. 100, 6 Atl. 495; Newport Waterworks v. Sisson, 18 R. I. 411, 28 Atl. 336; Tiffany's Modern Law of Real Prop. 266; Pomeroy's Eq. Jur. § 1163; Sugden on Vendors (8th Am. Ed.) 188; Lewin on Trusts (8th Ed.) 592; Waterman on Spec. Perf. § 200. It would seem that the rule should not be changed in this state.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.