WILLIAM A. LEONARD, Plaintiff, *v.* MILTON SCHNAIER, as Executor and Trustee under the Last Will and Testament of LYDIA KATZ, Deceased, and Others, Defendants.

Supreme Court, Bronx Special Term, August, 1922.

Vendor and purchaser — specific performance — option under seal given tenant to purchase property at fixed price within certain time — death of owner — exercise of option by notice to executor — when agreement becomes binding — that option did not expressly provide that it was binding on representatives of party giving the option is immaterial.

Where the owner of property for a consideration gives to another a written agreement to the effect that within a specified time the owner would sell the property, describing it, at a price named to the other and within the time specified the other party elects to avail himself of the offer and so notifies the owner of the property and demands specific performance, the agreement becomes mutual and is enforcible.

After the making of an agreement under seal granting to plaintiff an option to purchase certain real property, to be exercised during a term of a lease thereof, the owner of the property died but prior to the expiration of the lease her executor was notified by plaintiff that he elected to avail himself of the option and requested the executor to submit a contract for signature but such request was refused. *Held,* that a motion for judgment for the dismissal of the complaint in an action to compel specific performance of the agreement, will be denied.

That the agreement, sufficiently definite and certain in its terms to be enforced, did not expressly provide that the option was to be binding upon the personal representative or heirs of the owner of the property did not deprive plaintiff of the relief asked for.

MOTION for judgment dismissing complaint.

*Stephen J. Madigan* (*Austin P. Boleman,* of counsel), for plaintiff.

*Mayer, Ehrich & Block* (*Goodman Block,* of counsel), for defendants Milton Schnaier, as executor, etc., Jeanette Katz and Joseph Katz.

MITCHELL, J. This is a motion for judgment dismissing the complaint herein on the ground that it fails to state a cause of action. The action is one in equity for specific performance of a written agreement alleged to have been made by one Lydia Katz, deceased, in which she granted an option to the plaintiff to be exercised by him during the term of a certain lease of the premises No. 356 East One Hundred and Forty-fifth street, New York city, to purchase the said premises. The instrument in question purports to be signed, sealed and acknowledged by the said Lydia Katz on the same day as the lease referred to. It is in the following language:

" In consideration of the letting of the premises within mentioned by the within named William A. Leonard and the sum of one dollar to me paid by the said William A. Leonard, I, Lydia Katz, do hereby grant an option to said William A. Leonard, to be exercised by him during the term of the lease herein, to purchase the within described premises No. 356 East 145th Street, Borough of Bronx, City of New York, for $6,500.00 upon the following terms: Purchaser to pay $2,000.00 cash, and to execute a bond and mortgage for $4,500.00 for three years at $5\frac{1}{2}\%$, with a privilege to said William A. Leonard of renewing said mortgage for a further term of two (2) years, and with a privilege to said William A. Leonard to pay off the whole amount of said mortgage, or in part in payments of $500.00 or more.                    " LYDIA KATZ. [L. S.]."

The complaint alleges that before the expiration of the lease the plaintiff notified the executor of the estate of Lydia Katz, who died in the meanwhile, that he elected to avail himself of the option contained in the foregoing instrument and requested him to submit a contract for his signature. The executor, it is alleged, refused and still refuses to convey title to the premises. Counsel for the defendants contend that the instrument lacks mutuality. It is the general rule that to warrant a decree for specific performance the contract must be mutual in its obligations and its remedy. But where the owner of property for a consideration gives to another an agreement in writing signed by him to the effect that within a specified time he would sell his property, describing it, at a price named to the other, and where within the time named the other party elects to avail himself of the offer and so notifies the maker thereof and demands performance, such agreement becomes mutual and enforcible. The offer of the owner having been accepted, there is an enforcible agreement to sell, and the optionee can require the owner to specifically perform. *Carney* v. *Pendleton*, 139 App. Div. 152; *Jones* v. *Barnes*, 105 id. 287; *Benedict* v. *Pincus*, 191 N. Y. 377, 382. The cases of

*Wadick* v. *Mace*, 191 N. Y. 1, and *Levin* v. *Dietz*, 194 id. 376, cited by defendants' counsel, do not overthrow this well-established rule, as is pointed out in *Carney* v. *Pendleton, supra*. The case of *Mutual Life Ins. Co.* v. *Stephens*, 214 N. Y. 488, although cited by counsel in support of this motion, recognizes this rule, as is apparent from the following excerpt from the opinion of the court: " However, it is not essential that the mutuality of remedy shall exist at the inception of the contract. Owing to the defendants' refusal to name an appraiser, the plaintiff's time to exercise its option has not expired. It may still elect to purchase and thus supply the missing quality of mutuality of remedy, which will entitle it to a specific performance." I am of the opinion that the option agreement alleged expresses sufficient consideration. It recites that it is made in consideration of the letting of the premises mentioned and the sum of one dollar and is under seal. The seal is presumptive evidence of a sufficient consideration. Civil Practice Act, § 342; *Lewis* v. *Bollinger*, 115 Misc. Rep. 221, 226. The fact that there is no express provision in the instrument that the option is to be binding upon the personal representative or heirs of Lydia Katz does not deprive the plaintiff of the relief asked for. In the case of *Rockland-Rockport Lime Co.* v. *Leary*, 133 App. Div. 379, the option agreement, specific performance of which was prayed for by the vendee, expressly bound the legal representative of the vendor. Gaynor, J., writing the court's opinion, said: " The case is the very same as it would be if the phrase ' or his legal representative ' were not in the contract. The question would be then as now who is entitled to receive the money, the vendor being dead, for the tender of the money must be made to the person entitled to receive it." I am further of the opinion that the instrument is sufficiently definite and certain in its terms to be enforced. The motion for judgment dismissing the complaint is denied.

*Motion denied.*