FLOYD L. CROCKER, Appellant, v. FREDERICK G. PAGE, Individually and as Surviving Member of the Firm of PAGE & MARTIN, and ·Another, Respondents.

Third Department, November 21, 1924.

Vendor and purchaser — action by tenant for specific performance of option to purchase at any time during period of written lease — option is enforcible — supplemental agreement was signed by tenant to take one-third over option price of property — Statute of Frauds — said agreement not expressing consideration was void under Real Property Law, § 259, as sale of interest in real property — agreement was accord but not satisfaction — plaintiff was not estopped from enforcing option after signing agreement.

A provision in a written lease under seal whereby the tenant is given the option to purchase the property at a stipulated price at any time within the period of the lease, is enforcible on behalf of the tenant.

A supplemental agreement signed by the tenant, wherein he agreed to take one-third of the amount of money realized from a sale of the property over and above the stipulated price stated in the option, which supplemental agreement does not express the consideration therefor, is void under section 259 of the Real Property Law, as the sale of an interest in real property.·

The supplemental agreement amounts to an accord but not to a satisfaction.

Since there was no consideration for the supplemental agreement and since the defendants did nothing after the agreement was signed to their detriment in reliance on the plaintiff's representations, the plaintiff is not estopped from withdrawing his consent and demanding specific performance of the option.

APPEAL by the plaintiff, Floyd L. Crocker, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Albany on the 25th day of February, 1924, upon the decision of the court, rendered after a trial before the court without a jury, dismissing the complaint, upon the vacation of a judgment in favor of the plaintiff rendered by default.

*Newton B. Van Derzee* [*Harry Cook* of counsel], for the appellant.

*Tobin, Wiswall, Walton & Wood* [*Charles W. Walton* of counsel], for the respondents.

McCANN, J.:

Plaintiff was in possession of certain property of defendants under a three-year lease expiring April 30, 1923, and containing an option to purchase at any time during its term for the sum of $8,750.

It is claimed by the defendants that the plaintiff waived the option provision or is estopped from asserting it. The plaintiff is trying to enforce it in an action for specific performance. The trial court dismissed the complaint. There is conflict of testimony as to just what took.place in the conversations between the plaintiff

and the defendants prior to the execution by the plaintiff of the agreement hereinafter mentioned. Defendants claim that plaintiff said he *would* not exercise the option to buy the premises. Plaintiff claims that he said he *could* not at that time. On March 20, 1923, the plaintiff at the request of defendants signed an agreement which reads as follows: *" March* 20, 1923.

" I, Floyd Crocker, hereby agree to take one-third the amount of money over $8750 if property 194–196 Hudson Avenue, Albany, N. Y. should be sold for $14,000 or over. Said property belongs to F. G. Page and W. C. Martin estate to which goes the remaining two-thirds. " [Signed] F. L. CROCKER."

It is the defendants' contention that these conversations and this writing waived the right of the plaintiff to exercise his option and constituted an estoppel. It is conceded that when the defendants sent some prospective purchasers to look at the property, the plaintiff told them that he had an option which he proposed to exercise, whereupon they left and nothing further was done. The defendants claim and the trial court has found that the plaintiff's conduct prevented a sale. There are a number of legal questions involved. Is such an option specifically enforcible? This point is raised but is not discussed to a great extent on the briefs. The law of this State has been confusing owing to the cases of *Wadick* v. *Mace* (191 N. Y. 1) and *Levin* v. *Dietz* (194 id. 376). In most jurisdictions such options are enforcible and on theory they should be, and while the Court of Appeals has never directly passed on this point and the cases above mentioned look in the other direction, they have been distinguished and it is now established that such an option is enforcible. It has been specifically held so in *Carney* v. *Pendleton* (139 App. Div. 152, 2d Dept.), the reasoning in which is approved in *Bullock* v. *Cutting* (155 id. 825, 3d Dept.). These cases have recently been followed in *Leonard* v. *Schnaier* (119 Misc. 200). The case at bar falls within the distinctions raised in support of the enforcement of the option clause. (1) It is contained in a written lease; (2) it has a consideration in fact as well as presumed from the fact of the lease being under seal; (3) the option has been accepted and its enforcement demanded. (See, also, *Dittenfass* v. *Horsley,* 177 App. Div. 143, 147; *H. & H. Corporation* v. *Broad Holding Corporation,* 204 id. 569, 572; *Epstein* v. *Gluckin,* 233 N. Y. 490, 493; *Mutual Life Ins. Co.* v. *Stephens,* 214 id. 488, 495.)

The defendants are inconsistent in claiming that the plaintiff had waived the option in the conversations during the winter of 1923 and then setting up the agreement signed in March. That

agreement, if of any value whatever, recognizes the existence of the option at that time. We may, therefore, start with the agreement and not consider the prior conversations on which there is a conflict of testimony. In any event they are immaterial since waiver is a contract matter requiring consideration if it is not in the nature of estoppel and there is admittedly no consideration or estoppel in the prior conversations. (*Ripley* v. *Ætna Ins. Co.,* 30 N. Y. 136; *Underwood* v. *Farmers' Joint Stock Ins. Co.,* 57 id. 500; *Gearty* v. *Mayor, etc.,* 171 id. 61, 72.) The question of the effect of the agreement of March 20, 1923, and the Statute of Frauds are next to be considered. The Real Property Law (§ 259) provides that a contract for the sale of any interest in real property is void " unless the contract, or some note or memorandum thereof, *expressing the consideration, is in writing.*" A contract of this nature not only cannot be made but cannot be altered without a writing expressing a consideration for the alteration. (See concurring opinion of CARDOZO, J., in *Imperator Realty Co.* v. *Tull,* 228 N. Y. 447.) This rule applies to an alteration fully as much as it does to the original contract. No consideration was expressed; in fact there was none. The agreement of March 20, 1923, was an accord and an accord is not good or binding without a satisfaction. (See *Imperator Realty Co.* v. *Tull, supra; Reilly* v. *Barrett,* 220 N. Y. 170.) It is like a unilateral contract in that respect. If the property had been sold for $14,000 or over and the plaintiff had accepted his share then the option would have been canceled. As it stands, however, it is tantamount to plaintiff saying " if you pay me one-third of what you receive over $8,750, then I will cancel the option."

In other words, it was an unaccepted offer on his part. Of course it did not arise in exactly this way but that is what it amounts to as will be seen by reading the two cases above referred to. There was an estoppel in the *Imperator Realty Case* (*supra*) but there is none here because the plaintiff has made no representations upon which the defendants have acted to their detriment. In *New York Rubber Co.* v. *Rothery* (107 N. Y. 310) an estoppel is defined as follows: " To constitute it the person sought to be estopped must do some act or make some admission with an intention of influencing the conduct of another, or that he had reason to believe would influence his conduct, and which act or admission is inconsistent with the claim he proposes now to make. *The other party, too, must have acted upon the strength of such admission or conduct.*"

There was no consideration for the agreement moving from

47

the defendants as they gave up nothing in return for it. Neither was anything done by the owners after the document was signed by the plaintiff. On the day before the plaintiff signed the agreement one of the purchasers was told that the property was worth $15,000 and replied: " I don't think there is any difficulty at all in getting together." The plaintiff told this customer when he came to examine the building that he had decided to exercise his option. The customer never made any offer to the defendants for the property nor does it appear that they were willing or able to buy the same at any price. It is a case of the plaintiff revoking his consent before the sale was consummated. It is suggested that forbearance on the over-due rent was a consideration, but there is no proof thereof, neither was it discussed as such. Furthermore, this rent was afterwards accepted before the expiration of the term of the lease.

To summarize: An option is enforcible; there was no novation to replace the option as it merely amounted to an accord without a satisfaction; there was no waiver and there was no consideration for the same; there was no estoppel as there was lacking the element of having acted to the detriment of the party, in reliance on the other party's representation.

The defendants cite several cases showing that a contract may be abandoned by both parties but that question is not here presented. This was a modification if anything, not an abandonment. The defendants cite *Davis* v. *Willis* (57 Hun, 200). There was a complete abandonment in that case, an estoppel, or as stated in one case, " an accord and satisfaction."

The judgment should be reversed on the law and facts, and judgment directed for the plaintiff, with costs.

All concur.

Judgment and order reversed on the law and facts, and judgment directed for the plaintiff, with costs. The court disapproves findings of fact numbered 14, 15 and 16, and makes the following additional findings, to wit: The proposed findings of fact submitted by the plaintiff to the trial court as they appear in the printed record, beginning at folio 81, which findings of fact are numbered 1 to 14 inclusive. The court also makes the following additional findings: That the plaintiff is entitled to judgment against the defendants; that upon the payment of the purchase price agreed upon in the option contained within the lease in question the defendants shall specifically perform all the conditions on their part contained within said lease and option, the plaintiff having demanded performance thereof after a due and legal tender on his part.