Walter R. Hart, J.
This action is brought to compel specific performance of a contract to purchase stock in Connecticut Brick, Inc., a “ closed corporation ”, which the complaint alleges has no marketability in the open market and is of value only to the parties interested in the corporation. The only stockholders of the corporation prior to the execution of the contract were the defendant, the plaintiff and the latter’s sons (who assigned their rights under the contract to the plaintiff).
Plaintiff alleges due performance of all of the terms of the contract, a copy of which it attached to the complaint. The contract recites that defendant is indebted to plaintiff (and his assignors) in the sum of $3,000 and that the corporation “ is indebted to them in connection with the operation of the business ”, and that the Kukoffs (plaintiff and his sons) are desirous of selling their stock interest, assigning their claims against the corporation to defendant and discharging their claims against him, and it further recites that defendant is desirous of purchasing their stock interest, extinguishing their claims against him and securing an assignment of the claims against the corporation. The parties then agree on the sale and purchase of the stock and of the claims outlined, conditioned upon the occupancy by a corporation known as Plasticrete Corporation of a building then under construction pursuant to a lease entered into between Plasticrete and Connecticut Brick. If the lease was not carried into effect or was to be cancelled for any reason, then the agreement between the parties was to be null and void. In the interim plaintiff and his sons were to deliver in escrow to defendant’s attorneys the stock indorsed in blank. From paragraph “ 8 ” of the complaint and from the allegation that plaintiff has duly performed, an inference may be drawn that the lease referred to was “ actually implemented and carried into effect ’ ’ and that the stock was indorsed in blank and delivered to defendant’s attorneys in escrow.
Defendant presently moves to dismiss the complaint for insufficiency predicated on the contention that since the complaint is framed in equity and equitable relief is sought exclu *809 sively, it must be dismissed when on the face of the complaint it appears that plaintiff has an adequate remedy at law. This argument is cogent and is buttressed by the statement of the court in Terner v. Glickstein & Terner (283 N. Y. 299, 301), where it was said: ‘ ‘ We did not consider whether a good cause of action at law might be spelled out from the allegations of the complaint. The complaint here is framed in equity and equitable relief alone is demanded and if the action does not lie in equity for the reason urged by the defendant, the complaint must be dismissed. ’ ’ (The reason urged was that plaintiff had an adequate remedy at law.)
Plaintiff vendor contends that since the stock is of a peculiar nature and of no' ascertainable market value, equity should compel specific performance. In support of this contention plaintiff cites Waddle v. Cabana (220 N. Y. 18) which holds that a vendor who has agreed to sell stock in a close corporation which has an unascertainable value should be compelled to perform specifically and transfer the stock. Plaintiff urges that since a vendee is entitled to such a remedy, the vendor ipso facto may resort to equity for such relief. In support of this position plaintiff adverts to the opinion of Mr. Justice Broww in Spice v. Ruby Brokerage Service (153 N. Y. S. 2d 807), wherein the court stated: “ Therefore, since the purchaser might specifically enforce the contract, the seller has the same remedy as a matter of mutuality.”
It is the opinion of this court, however, that the correct rule is set forth in subdivision (1) of section 372 of the Restatement of the Law of Contracts, viz.: ‘ ‘ The fact that the remedy of specific performance is not available to one party is not a •sufficient reason for refusing it to the other party.” In the comment under this subdivision it is stated: “ The law does not provide or require that the two parties to a contract shall have identical remedies in case of breach.” Subdivision (2) of section 372 states: ‘‘ The fact that the remedy of specific performance is available to one party to a contract is not in itself a sufficient reason for making the remedy available to the other ”. In the comment under this subdivision appears the following: “ The adequacy of damages may be uncertain; in such case, if it is clear that the remedy would have been available to the defendant had he been the injured party, this fact may turn the scale in favor of granting the remedy to the "plaintiff. There is no doubt, however, that it is not correct to say that specific performance is available to one party in all cases in which it is available to the other.” (Emphasis supplied.)
*810 The New York annotations to the Restatement state that the section is in harmony with the New York law and as illustration cite the fact that the assignee of a vendee under a contract for the sale of land may enforce specific performance of the contract hy the vendor (Epstein v. Gluckin, 233 N. Y. 490), while the vendor is denied that remedy against the assignee who has not assumed the terms of the agreement (Langel v. Betz, 250 N. Y. 159). Further exemplification of this conclusion is the fact that the holder of an option to purchase land may enforce specific performance by the vendor (Crocker v. Page, 210 App. Div. 735, affd. 240 N. Y. 638), and specific performance may be decreed in favor of a vendee who had the privilege of rescinding if a certain condition precedent did not come into being and he waived the condition (Catholic Foreign Mission Soc. v. Oussani, 215 N. Y. 1).
In the case at bar plaintiff is not seeking to recover in specie a chattel of a unique character, such as the stock in a close corporation, but to recover compensation in the form of money — the price agreed upon. Such remedy is readily available to him in an action at law. By his allegation that he duly performed all of the terms of the agreement, which would include the inference that the stock was indorsed in blank and delivered to the escrowee — defendant’s agent — plaintiff has alleged facts showing that he is entitled to recover the agreed price in a law action (Personal Property Law, § 144). That corporate stock partakes of the nature of goods has been settled by the holding in Agar v. Orda (144 Misc. 149, affd. 239 App. Div. 827, affd. 264 N. Y. 248). Title to the certificates was transferred to the defendant in accordance with section 162 of the Personal Property Law.
Since it appears from the complaint that the plaintiff has an adequate remedy at law, the motion to dismiss for insufficiency is granted, with leave to plaintiff to plead over. Settle order on notice.