Vito Basso, Plaintiff, *v.* Joseph de Nobile et al., Defendants.

Supreme Court, Special Term, Kings County, June 18, 1962.

*Anthony C. Ippolito* for plaintiff. *Salvatore E. Spagnolo* for defendants.

JAMES S. BROWN, JR., J. Plaintiff moves for summary judgment in this action to compel specific performance of an option to purchase real property. The option constitutes paragraph 32d of a written lease executed on November 15, 1951 and recorded on that day in the Register's office of Kings County. Said lease covers a 10-year period beginning February 1, 1952 and ending January 31, 1962 and was assigned to the plaintiff by a written instrument dated May 4, 1956. Defendants' consent to said assignment is dated May 24, 1956.

Plaintiff notified the defendants by registered mail dated January 2, 1962 that he was exercising his option to purchase. Plaintiff also notified the defendants by registered mail on January 18, 1962 that a closing of title was scheduled for January 24, 1962. Defendants have refused to accept the purchase price specified in the option and have refused to sell the premises.

The defendants, the owners of the real property involved, are husband and wife. Mr. de Nobile states by affidavit that he was told by the original lessee, an attorney who drew the lease, that the option, which is in the form of a rider, merely meant that the owner had to give the lessee a first option to buy and that the owner did not have to sell if he did not want to. Said affidavit also states that " at the time of the assignment it was made clear to all parties that there was to be no option to buy outside of what had previously been explained to deponent to be a first option to buy."

The affidavit in opposition by Mrs. de Nobile denies that she ever executed or authorized anyone to execute in her behalf the rider (which contains the option) and states that the claim of her husband that the rider was inserted after the lease was executed is true. The lease and the rider both contain the names of the defendants as signatories.

Plaintiff in his reply affidavit points out that the lease, including the rider, was recorded in 1952; that defendants' lease and plaintiff's recorded copy were compared in the office of defendants' attorney at the time of the assignment in 1956 and no questions concerning the validity of the lease and annexed rider were raised; that he assumed the arrears of the old tenant; that he paid a large consideration for the assignment and expended thousands of dollars since 1956 pursuant to the terms of the lease; that defendants were represented by counsel at the time of the assignment and their attorney signed their consent as witness and that the defendants never questioned the other clause in the rider which required the plaintiff to provide heat and hot water for the entire building at his own expense.

The general rule is that a provision in a written lease whereby the tenant is given the option to purchase the property at a stipulated price within the period of the lease is enforcible by the tenant (*Crocker* v. *Page,* 210 App. Div. 735, affd. 240 N. Y. 638). Nothing has been presented which removes the present situation from the application of that rule. Paragraph 32d of the lease reads: '' It is further agreed that on and after February 1st, 1954 the lessee may purchase the premises at the price of Sixteen Thousand ($16,000.00) Dollars. Should the lessee not purchase and should the lessor offer the premises for sale, the lessee and his successors in interest shall have the first option to purchase the said premises at the price of Sixteen Thousand ($16,000.00) Dollars and the Lessor agrees not to sell or convey said premises without first giving the Lessee at least sixty (60) days written notice of his intention to sell or convey. Any conveyance upon the exercise of this option shall be by full covenant warranty deed of the Lessors.'' The first sentence is a very clear and simple declaration of the lessee's right to purchase at a stated price, upon which plaintiff was and is entitled to rely. In my opinion, there is no defense to this action. Motion granted.