In the Matter of Bond and Mortgage Guarantee Company. Paragon Land Corporation et al., Appellants; Joseph P. Day et al., as Trustees, Respondents.

Argued February 25, 1942; decided June 4, 1942.

*Samuel Okin,* appearing specially, for appellants. The proceedings taken wherein a justice at Special Term made an order to show cause directed to the appellants and another justice at Special Term made the order dated August 6, 1940, against the appellants, are null and void in that the justices had no jurisdiction over the appellants and the subject-matter, and said proceedings and orders violated the due process clauses contained in the State and Federal Constitutions. *(Matter of Lawyers Mortgage Co. [40 Lincoln Road],* 284 N. Y. 325; *Matter of People [Title & Mtge. Guar. Co.],* 264 N. Y. 69; *Weil* v. *President of Manhattan Co.,* 275 N. Y. 238; *Matter of Home Title Ins. Co.,* 256 App. Div. 999; *Matter of Lawyers Mortgage Co.,* 277 N. Y. 244; *Matter of Culver Contracting Corp.* v. *Humphrey,* 268 N. Y. 26.) The issuance and service of the order to show cause dated May 23, 1940, and the proceedings thereafter with respect to same resulting in the order dated August

6, 1940, were in violation of the appellants' constitutional rights and in violation of the due process clauses contained in the Constitution of the State of New York and the United States. (*Rosenberg v. Rosenberg*, 259 N. Y. 338; *Matter of Delaney*, 256 N. Y. 315; *Matter of City of New York* [*Pell Estate, Inc.*], 262 App. Div. 487; *Valz v. Sheepshead Bay Bungalow Corp.*, 249 N. Y. 122.)

*Fred L. Gross* for respondents. The sale in this proceeding was a judicial sale. (*Matter of Denison*, 114 N. Y. 621; *Matter of Superintendent of Banks*, 207 N. Y. 11; *Delaplaine v. Lawrence*, 3 N. Y. 301; *Matter of Lynch*, 33 Hun, 309; *Brasher v. Cortland*, 2 Johns. Ch. 505; *Matter of Marino*, 215 App. Div. 841; *People v. N. Y. Building-Loan Banking Co.*, 189 N. Y. 233; *Morrow v. Renniere Process, Inc.*, 222 App. Div. 100; *Matter of Benedict*, 239 N. Y. 440; *Evans v. 2168 Broadway Corp.*, 281 N. Y. 34; *Cazet v. Hubbell*, 36 N. Y. 677; *Hale v. Clauson*, 60 N. Y. 339; *Archer v. Archer*, 155 N. Y. 415.) The individual appellants were the real parties who made the offer of purchase and were, therefore, amenable to the order of the court as much as the appellant corporation through which the individual appellants operated. (*State Bank v. Wilchinsky*, 128 App. Div. 485; *Cahill v. Cahill*, 131 Misc. Rep. 99; *Przewozniczek v. Machowicz*, 123 Misc. Rep. 376; *Archer v. Archer*, 155 N. Y. 415; *Hale v. Clauson*, 60 N. Y. 339; *Havey v. Hoffman*, 121 N. J. Eq. 523; *New Colonial Ice Co. v. Helvering*, 292 U. S. 435; *Garrigues Co. v. International Agricultural Corp.*, 159 App. Div. 877; *Goss & Co. v. Goss*, 147 App. Div. 698; *Floral Park Lawns, Inc., v. O'Connell*, 250 App. Div. 464; *Beards v. Wheeler*, 76 N. Y. 213.) The individual appellants were properly before the court. (*Iowa Central Ry. Co. v. Iowa*, 160 U. S. 389; *Dennerlein v. Dennerlein*, 111 N. Y. 518; *Matter of Baer v. Hendricks*, 147 N. Y. 348; *Cracker v. Gollner*, 135 N. Y. 662; *Parish v. Parish*, 175 N. Y. 181; *Cahill v. Cahill*, 131 Misc. Rep. 99.)

LEHMAN, Ch. J. The owner of property at East Meadow, Nassau county, Long Island, executed and delivered to Title Guarantee and Trust Company a mortgage for the principal amount of $600,000. Certificates of participation were issued by Title Guarantee and Trust Company and sold to investors. These certificates were guaranteed by Bond and Mortgage Guarantee

Company. Defaults occurred in payment of interest and the Mortgage Commission of the State of New York, pursuant to the provisions of chapter 745 of the Laws of 1933, as thereafter amended (commonly known as the Schackno Act), and chapter 19 of the Laws of 1935 as amended (commonly known as the Mortgage Commission Act), promulgated a plan for the readjustment and reorganization of the rights of the holders of the guaranteed certificates of participation in the mortgage. The plan for readjustment and reorganization was approved by the court and trustees were appointed in accordance therewith in 1936.

Foreclosure proceedings were thereafter brought by the trustees and, pursuant to a judgment of foreclosure and sale, the property was sold to the trustees, and the referee in the foreclosure action executed and delivered a deed of the mortgaged premises to the trustees on June 24, 1938.

Prior to the appointment of the trustees the mortgaged property had been sold for non-payment of taxes. Deeds to the property, under the tax sale, had not been delivered and the owner of the property still had a right of redemption. There was some controversy between the trustees and the county of Nassau concerning the extent of the rights of the trustees. To determine these rights the trustees began an action against the county of Nassau. While that action was pending the tax deeds were delivered. The trustees initiated negotiations with representatives of the county for the settlement of the controversy, with the expectation that the county would cooperate with the trustees in a sale of the mortgaged property for the benefit of the owners of the participation certificates.

In November, 1939, the trustees received a written proposal or offer for the purchase of the mortgaged premises. It was addressed to a broker and signed by a lawyer as " attorney representing syndicate of purchasers," and it stated that the broker was authorized to offer to purchase the mortgaged property for $300,000 " on behalf of a syndicate represented by me." Though the letter does not disclose the names of the members of the " syndicate of purchasers," there can be no doubt that the lawyer, in writing this letter, represented the individual appellants, Morris Walzer, Louis Weinstock and Harold J. Weinstock, and the proposal was accompanied by a check for $2,000 signed by Louis Weinstock.

The trustees had also received another offer for part of the mortgaged premises. After some negotiations the offer was submitted for approval to the court at Special Term and in January, 1940, the court informally approved the offer and directed the trustees to enter into a contract and submit the same to the court for formal approval. As a result of negotiations between the trustees, representatives of the " syndicate " in whose behalf the offer had been made, and representatives of the county of Nassau, agreement was reached upon the terms of a contract for sale by the trustees of the mortgaged property and the conditions upon which the county would cooperate with the trustees. The proposed contract was entered into on March 18, 1938, between the trustees, described in the contract as " seller," and " Paragon Land Corp., a domestic corporation with offices at No. 16 Court Street, Borough of Brooklyn, City and State of New York, hereinafter described as the Purchaser." The purchase price under the contract was $300,000, payable as follows: $15,000 on the signing of the contract; $75,000 in cash or by certified check on the delivery of the deed; and $210,000 by the execution of mortgages for that amount. Before the contract was made, the trustees and representatives of the county of Nassau and the holders of tax deeds on the mortgaged premises had entered into a stipulation which, however, was subject to ratification by the Board of Supervisors of the county, by which the pending litigation was settled and the county of Nassau agreed that upon payment of a stipulated amount the county of Nassau would execute and deliver to the trustees a bargain and sale deed of the property. This stipulation was incorporated in the contract of sale made with the Paragon Land Corporation, and a copy was annexed to that contract. The court at Special Term thereafter, on March 21, 1940, made a formal order approving the contract and authorizing the trustees to carry it out. The trustees returned the check for $2,000 which had accompanied the original offer and thereafter acknowledged receipt of $15,000 as the initial payment under the contract of sale.

The contract provided that the deed should be delivered on April 15, 1940, or sooner at the option of the purchaser. On the date set for the closing the parties met, but the Board of Supervisors of the county had not at that time met to ratify the stipu-

lation and in consequence the trustees could not then convey a marketable title. Exactly what occurred at that time and whether at that time the purchaser would have been ready and able to complete the purchase, if a marketable title had been tendered, are matters in dispute. When the parties separated no date was set for closing. On May 2nd the trustees notified the attorneys for the purchaser that they would be ready to deliver the deeds on May 6th. The purchaser refused to proceed further with the contract, claiming that its obligations were at an end because of default by the trustees on the day set for the closing of the contract.

The trustees then procured an order directing the appellants, the Paragon Land Corporation, Morris Walzer, Louis Weinstock and Harold J. Weinstock, to show cause " Why an order should not be made requiring Paragon Land Corp. to carry out and perform the contract, a copy of which is annexed to said affidavits, and to complete the purchase thereunder, and why it should not be decreed that Paragon Land Corp. was organized solely for the purpose of acting as a mere agency or instrumentality of Morris Walzer, Louis Weinstock and Harold J. Weinstock, or either of them, that the corporate identity of Paragon Land Corp. be disregarded in order to prevent loss to the certificate holders mentioned in the annexed affidavits and so that the rights and interests of such certificate holders may be protected, and in the interests of justice, and why it should not be decreed that Morris Walzer, Louis Weinstock and Harold J. Weinstock, or any of them, are the real parties in making the aforesaid purchase, that they, and each of them, be required to furnish the consideration necessary to consummate the aforesaid contract, and why such other or further order or decree should not be made as may be proper in the premises."

A motion of the appellants for an order of prohibition on the ground that the justice at Special Term had no jurisdiction to grant the order to show cause or to hear and determine the application of the trustees, was denied by the Appellate Division in the exercise of its discretion. Then the appellants, appearing specially, moved at Special Term to vacate the order on the ground that the justice issuing it had no jurisdiction to make the order. That motion was denied and the order denying the motion was affirmed by the Appellate Division. Upon the hearing of the order to show

cause the appellants again appeared specially and objected to the jurisdiction of the court. The court overruled the objection and granted the relief sought by the trustees. The order was unanimously affirmed. The appellants now appeal from the order of affirmance by leave granted by this court. In their notice of appeal they seek to bring up for review the intermediate orders overruling the appellants' objection to the jurisdiction of the court at Special Term.

We need not now determine whether the appellants can, upon this appeal, question the decision of Special Term upon the merits, if the court had jurisdiction of the subject matter of the application and of the persons of the appellants. We assume that not only the jurisdiction of Special Term, but the correctness of the determination there made, are properly challenged in this court. Without analyzing in detail the contention of the appellants that the trustees, not the Paragon Land Corporation, are in default, we state our conclusion that the affidavits in behalf of the trustees show sufficiently that the fault lies with Paragon Land Corporation, and that it is in default. Two questions remain: *First*, did the court have jurisdiction to grant in this proceeding an order directing the Paragon Land Corporation to complete its purchase, and, *second*, if the court had power to grant a summary order directing Paragon Land Corporation to complete its purchase, did it also have power to issue a summary order requiring the individual defendants to furnish the consideration necessary to consummate the purchase?

The appellants were not originally parties to the proceedings brought pursuant to the statute for the formulation and approval of the plan and for the appointment of the trustees. In the statutory proceeding the court at Special Term has no jurisdiction over the subject matter of any application for relief which the statute does not expressly or impliedly authorize the court to grant, nor does the court have jurisdiction of the person of any corporation or individual who is not a party to the proceeding. Under the provisions of the statute and the plan formulated and approved pursuant to those provisions, the trustees appointed by the court were empowered to sell the trust property only with the approval of the court. Paragon Land Corporation agreed to purchase the property subject to the approval of the court. By entering into that

agreement Paragon Land Corporation submitted itself, at least to that extent, to the jurisdiction of the court and became a party to the proceeding.

There can be no doubt that the purchaser upon a judicial sale made under the direction of the court and subject to the approval of the court, becomes subject to the jurisdiction of the court to compel the purchaser to complete the contract of purchase. (*Executors of Brasher* v. *Cortlandt*, 2 Johns. Ch. 505, KENT, Ch.; *Matter of Denison*, 114 N. Y. 621.) It may be that the trustees in this case are not to be regarded in all respects as officers of the court and that the trust property is not, in full sense, in the custody of the court. The property, nonetheless, is brought into the protective arm of the law and the trustees are subject to directions of the court. (*Matter of People* [*Title & Mortgage Guarantee Co.*], 264 N. Y. 69.) Under these circumstances the court should draw no fine distinctions. The statute by necessary implication confers upon the court at Special Term jurisdiction over sales made by the trustees from inception to completion, and Paragon Land Corporation, having voluntarily entered into such a sale, subject to the approval of the court, has submitted itself to the jurisdiction of the court to give summary directions compelling it to complete its purchase. We find support for this conclusion in analogy between the trustees and receivers in bankruptcy. (See *Mason* v. *Wolkowich*, 150 Fed. Rep. 699; *Matter of Atlas Cabinet Works, Inc.*, 8 Fed. Supp. 609; *Matter of Dallek Bros., Inc.*, 8 Fed. Supp. 610.)

These considerations require that the order of the Appellate Division and the order of Special Term should be affirmed in so far as they direct the corporation to complete its purchase, but lead to a reversal of the order of Special Term in so far as it directs the individual appellants to furnish the consideration required for such completion. It is said that these individuals used the corporation merely as a means or agency for a purchase by which they alone would benefit and that they induced the trustees to believe that the corporation acting as their agent would have ample financial means to carry out its contract. We do not pause to consider whether the allegations contained in the affidavits submitted by the respondents are sufficient to sustain the findings of the court in respect to these matters. Perhaps in an action brought by the trustees,

the trustees may be able to show that the individual appellants have been guilty of fraud or that for other reason the court should look behind the corporate entity and hold those in control of the corporation to account for dereliction or default by the corporation. The court cannot in this proceeding summarily pass upon such questions. The defendants are not being charged with contempt of court or fraud upon the court. They are being charged with responsibility for the acts of a corporation which made a contract approved by the court. In no manner have they become parties to the proceeding in which the court at Special Term is granted jurisdiction by the statutes.

The orders should be affirmed, without costs, in so far as they grant the application to compel the corporate appellant to complete its purchase. The orders should be reversed, without costs, in so far as relief is granted against the individual defendants, and the application for such relief denied without prejudice to any action which the trustees may hereafter see fit to take. A question under the Constitution of the United States was presented and necessarily passed upon. The appellants argued that the orders made by the Special Term of the Supreme Court, affirmed by the Appellate Division, are violative of, and repugnant to, the Fourteenth Amendment of the Constitution of the United States. This court held that said orders of the Special Term of the Supreme Court, affirmed by the Appellate Division, are not violative of, or repugnant to, the Fourteenth Amendment of the Constitution of the United States, in so far as Paragon Land Corporation was concerned.

DESMOND, J. (dissenting). The individual appellants made the offer to purchase. The individual appellants appeared by their attorney at the hearing and there urged upon the court and the certificate holders that their offer should be accepted because of their financial standing and proven competence in the business of subdividing and selling such properties. These arguments found favor with the court and the court directed the trustees to enter into a contract which was later to be submitted to the court for approval. The court did not order the trustees to search out some new bidder, or make some new deal. The formal contract was necessary in order to set forth the detailed steps whereby the offer of the individual appellants, already made and tentatively

approved, should result in a completed sale. It was not until after this hearing in open court and after the court had, tentatively at least, approved the offer of the individual appellants, that the latter nominated their newly-organized instrumentality, Paragon Land Corporation, to appear as purchaser in the contract and as grantee in the deed thereafter to be delivered. At no time did the individual appellants ask to be allowed to assign their bid to this Paragon Land Corporation, or otherwise to be relieved from the obligation they, as individuals, had assumed in open court to purchase the property. Surely it could not have been intended, when for their own convenience the individual appellants were permitted to insert the name of their corporation in the contract, that they were thus putting themselves in a position completely to escape the obligations they had assumed in open court. The offer which the court accepted was the offer of individuals. The later proceedings on the offer should not be so construed as meaning that these individuals had, later on, a choice, either to complete the purchase through their corporation, if they found it to their advantage so to complete, or to bow themselves out of the situation, leaving obligated only a corporation with no assets. The determination of the Special Term justice, who supervised this whole matter, that the individual defendants were the real contracting parties, was amply justified by the evidence before him, and it follows that his summary jurisdiction ran against the individual defendants, as well as against the corporation. The order should be affirmed, with costs.

LOUGHRAN, FINCH, RIPPEY and LEWIS, JJ., concur with LEHMAN, Ch. J.; DESMOND, J., dissents and votes to affirm in an opinion in which CONWAY, J., concurs.

Ordered accordingly.