In the Matter of MORTGAGE COMMISSION OF THE STATE OF NEW YORK in Relation to Mortgage Investments Guaranteed by Bond and Mortgage Guarantee Company. (Guarantee No. 186,129 — 1155 De Kalb Ave., Brooklyn.)

SELMA SCHLANG, Appellant-Respondent; ROBERT E. DINEEN, Superintendent of Insurance of the State of New York, as Liquidator of Bond and Mortgage Guarantee Company and as Successor to the Mortgage Commission of the State of New York, et al., Respondents-Appellants, and BUREAU OF TRUST SUPERVISION et al., Respondents.

Second Department, February 18, 1946.

*Isidor Enselman, Myron Sulzberger* and *Hyman R. Shapiro* for Selma Schlang, appellant-respondent.

*Lewis F. X. Cotignola, Thomas D. Austin, J. Francis Lynch* and *Almeth W. Hoff* for respondents-appellants.

*George O. Lehmann* and *Walter F. O'Malley* for Brooklyn Trust Company, as trustee, respondent.

*Per Curiam.* The liquidating dividend constituted part of the trust estate. The amended plan of reorganization and the declaration of trust are not substantially different from those under whose terms a similar dividend was declared to constitute trust property in *Matter of People (Lawyers Westchester M. & T. Co)* (288 N. Y. 40). The lien for " expenses " granted by section 24 of the Mortgage Commission Act (L. 1935, ch. 19, as amd.) extended, however, only to the " property, bond or mortgage, or group thereof ", as to which such expenses were incurred, and to " the proceeds thereof." As used in section 24 and in section 5 of the Act, the word " property ", in our opinion, was intended to refer only to the " real property " which constituted or had constituted the underlying security of the " bonds and mortgages ". Although the word " property " is at times susceptible of a broader construction, we do not believe it was used here in an all-inclusive sense. Had the Legislature intended to subject possible liquidating dividends to the lien granted to the commission, it could have so stated.

Nor was the commission's lien extended to the liquidating dividend by the plan of reorganization or the trust declaration. By the provision of the plan relating to " Expenses, Loans and Advances ", the lien for " expenses " was simply " preserved ". However, under that provision, the trustee agreed, by taking over the trust estate, to pay " all loans and/or advances duly made for the account of this mortgage issue * * * out of any funds from the Trust Estate before any distribution to certificate holders on account of interest and/or principal ". Since the liquidating dividend constitutes a portion of the trust estate, the trustee is required under the terms of the plan, to repay all " loans and advances " before it makes any distribution to certificate holders. It assumed the obligation to repay these loans and advances out of *any funds* from the trust estate, even though the lien of the State agencies extended only to the real property, bond and mortgage securing this issue of certificates.

We do not approve of the holding at Special Term that a distribution to certificate holders, made by the trustee out of funds obtained from a liquidating dividend, would not constitute a distribution on account of interest or principal. (See *Matter of New York Title & Mtge. Co.* [Series Q], 182 Misc. 470, 474.)

In the event the trustee fails to reimburse the State agencies for loans and advances, it may be summarily compelled to perform its agreement to do so out of any funds in the trust estate. (*Matter of Bond & Mortgage Guarantee Co.*, 288 N. Y. 270.)

Upon the appeal from the order entered July 15, 1943, the order should be affirmed, without costs.

Upon the appeal from the order entered February 3, 1944, the order should be modified on the law by adding to the third ordering paragraph a provision forbidding the trustee from disbursing the sum so returned to the certificate holders on account of principal or interest until after the trustee has performed the obligation imposed upon it by the amended plan of reorganization to repay all " loans and advances " made by the State agencies. As so modified the order should be affirmed, without costs.

Lewis, P. J., Carswell, Johnston, Adel and Nolan, JJ., concur.

Order entered July 15, 1943, affirmed, without costs.

Order entered February 3, 1944, modified on the law by adding to the third ordering paragraph a provision forbidding the trustee from disbursing the sum so returned to the certificate holders on account of principal or interest until after the trustee has performed the obligation imposed upon it by the amended plan of reorganization to repay all " loans and advances " made by the State agencies. As so modified the order is affirmed, without costs.