George B. Kurtzon, Appellee, v. Morris Kurtzon et al., Defendants.
Appeal of Morris Kurtzon, Appellant.

Gen. No. 44,468.

516

Opinion filed November 10, 1948. Released for publication December 2, 1948.

WILHARTZ & HIRSCH and HENRY S. BLUM, all of Chicago, for appellant; SAMUEL E. HIRSCH, JACK A. DIAMOND and WARREN KRINSKY, all of Chicago, of counsel.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS and EDWARD GRAFF, all of Chicago, for appellee; JOSEPH B. FLEMING, THOMAS B. MARTINEAU and EDWARD GRAFF, all of Chicago, of counsel.

MR. JUSTICE LEWE delivered the opinion of the court.

Defendant Morris Kurtzon appeals from an order finding him guilty of contempt of court and committing him to the common jail of Cook county for failure to pay the balance of his bid for certain real estate at the master's sale.

Plaintiff George B. Kurtzon filed an amended complaint for partition against the defendant Morris Kurtzon. Each of the parties owned an undivided one-half of the premises in controversy. Subsequently decrees were entered which provided that the real estate involved and referred to in the decrees as Parcel No. 1 and Parcel No. 2, be sold for cash at not less than two-thirds of the valuation shown by the report of the commissioners. Parcel No. 1 was appraised at $96,000 and Parcel No. 2 at $75,000.

At the time and place of sale it was stipulated by the parties that the foregoing parcels be sold separately. Defendant bid $187,000 for Parcel No. 1 and delivered

to the master a check for $35,000 to apply on the purchase price. Plaintiff bid the sum of $80,000 for Parcel No. 2. Because of credits due each of them plaintiff and defendant stipulated that it would not be necessary to pay the full purchase price on their respective bids and that defendant Morris Kurtzon shall pay on account of his bid the balance of $26,000.

October 28, 1947, the master's report of sale was confirmed by the court. November 21, 1947, an order was entered directing defendant to pay the balance of his bid within thirty days.

January 16, 1948, plaintiff filed a petition praying that a rule be entered requiring defendant to show cause why an attachment should not issue against him and he be punished for contempt of court for his refusal to comply with the order of November 21. On the same day in accordance with the prayer of plaintiff's petition a rule to show cause was entered.

Defendant answered asking, among other things, that the order approving the master's report of sale be vacated and that defendant's deposit be returned and Parcel No. 1 be resold. February 17, 1948, the chancellor entered an order finding that defendant Morris Kurtzon "although well able to do so, has willfully and contumaciously neglected and refused" to comply with the order entered on November 21, 1947 to pay the balance of his bid to the master and adjudged him guilty of contempt of court.

Defendant's principal contention is that the trial court abused its discretion by compelling him to complete his purchase by an order of court and by its process of contempt.

The rule has been repeatedly announced that a purchaser at a judicial sale may by an order of the court be compelled to complete his purchase. (*Wakefield v. Wakefield*, 256 Ill. 296, 301; *Madison v. Madison*, 206 Ill. 534, 540; *Chandler v. Morey*, 195 Ill. 596, 606; *Dills v. Jasper*, 33 Ill. 263; *In re Bond & Mortgage*

*Guarantee Co.,* 288 N. Y. 270, 43 N. E. (2d) 38; *Rowley v. Feldman,* 82 N. Y. S. 679; 50 C. J. S., sec. 33, p. 631.)

Defendant argues that civil contempt proceedings are used primarily for the protection of the parties and that where, as here, plaintiff, by certain credits and deposits due defendant, is amply protected against any possible loss he might sustain in the event of a resale of the premises, it is a manifest abuse of discretion for the court summarily to order defendant to pay the remainder of the purchase price. Defendant's position is untenable.

The record discloses that defendant's answer to plaintiff's petition for a rule to show cause was filed a hundred days after the sale was confirmed and that after the hearing on the rule (February 10, 1948) the chancellor, at the request of defendant's counsel, postponed the entry of the contempt order for one week. No appeal was taken from either the decree of partition which adopted the stipulation of the parties, or the decree confirming the sale. Defendant is bound by both decrees. (*Chandler v. Morey,* 195 Ill. 596.)

At a master's sale the court is in fact the vendor (*Shultz v. Milburn,* 366 Ill. 400), and since in the present case defendant as purchaser undertook to act under the decree of court, he may be compelled to do so. Adoption of defendant's theory would result in successive sales caused by reneging purchasers and, as stated by Justice Story in *Wood v. Mann,* 3 Sumner 318, at p. 326: "A sale before the master might . . . become a mere mockery, and give an entire immunity to purchasers, to speculate upon the chances of the sales."

Defendant admits his financial ability to complete his purchase and offers no valid reason for his refusal to comply with his bid except that the plaintiff can be indemnified later out of the credits and deposits due him. Under these circumstances we do not think

the chancellor abused his discretion in entering the order here complained of.

 Defendant maintains that plaintiff made an election to pursue the remedy of a resale because a petition which he filed on December 26, 1947 prayed for an order declaring the forfeiture of the sum of $35,000 deposited by defendant with the master. Since this question was not raised in the trial court we shall not consider it here.

For the reasons given, the order appealed from entered November 21, 1947 is affirmed.

*Order affirmed.*

BURKE, P. J., and KILEY, J., concur.